### In the matter of DEKAY.

Where real estate was conveyed to a mother, in fee, previous to the revised statutes, in trust for the daughter, and her heirs and assigns, provided she did not die under age and without issue, but if she died under age and without issue, then for the sole use of the mother, in fee, and the mother died during the minority of the daughter, who was the sole heir; *Held,* that the trust ceased with the death of the mother, and that the whole legal and equitable estate in the premises then vested in the daughter.

IN 1826, Henry Eckford and wife conveyed to Sarah Drake, March 4. in fee, certain lands in the city of New-York, in trust for her daughter, Janet H. Drake, her heirs and assigns, provided the said Janet did not die under lawful age, and without issue; but if she died under age, and without issue, then for the sole use and benefit of Sarah Drake, the grantee, her heirs and assigns forever. Sarah Drake afterwards died, leaving her daughter Janet, now the wife of George C. Dekay, and who is still a minor, her sole heir at law. The husband, George C. Dekay, presented a petition stating these facts, and praying that an order might be entered, granting authority and power to the petitioner to manage and control the property thus granted in trust.

*N. Dane Ellingwood,* for the petitioner.

THE CHANCELLOR. The petitioner's counsel is under a mistake in supposing that the property in question is any longer held in trust, so as to give the court any authority or power to appoint a new trustee. It does not distinctly appear whether Mrs. Drake, the original trustee, died before or after the revised statutes went into operation. The ascertainment of that fact, however, cannot be material in this case. If she died before, the legal estate, and her contingent fee in the beneficial use of the property, descended to her daughter as her sole heir; thus uniting the whole legal and equitable estate in the latter, who now holds it in fee simple. If the mother died since the revised statutes took effect, there was

1834.

In the matter
of Dekay.

still no trust which could vest in the court of chancery, upon her death, under the sixty-eighth section of the article of the revised statutes relative to uses and trusts. The purposes for which the trust was created having ceased, by the union of the estates both of the mother and the daughter in the latter, as the sole heir at law of the former, the estate of the trustee, as such, is at an end, and the daughter is now seised of the whole, in fee. (1 *R. S.* 730, § 67.) Again; by the forty-seventh section of the same article of the revised statutes, (*Id.* 727,) every person who is entitled to the actual possession of lands, and to the receipt of the rents and profits thereof, in law or in equity, is deemed to have a legal estate therein, commensurate with his beneficial interest in the premises; except in those cases where the estate of the trustee is connected with some power of actual disposition or management. The effect of this provision of the revised statutes is to turn all merely nominal or naked estates in trust in real property, into legal estates, in the persons having the beneficial interest therein.

In the present case, the petitioner, by virtue of his marital rights, has all the power or control over his wife's property which this court could confer upon him as a substituted trustee. But he cannot sell the estate, so as to give a good title to the purchaser beyond his own life, until she is of full age so as to be able to join in the conveyance. If the petitioner is unable to support his wife, and the income of her estate is not sufficient for that purpose, she must join her husband in an application for the appointment of a special guardian, to sell so much of the property as may be necessary. But if his only object is to obtain an authority to improve and manage the property, he possesses that power already.