CAMPBELL *vs.* LOW.

A trust, authorizing the trustee to control, manage, and dispose of the trust estate, and the income thereof, and to pay over the same to a married woman, for her support and maintenance, is substantially a trust to receive the rents and profits and apply the same to her use, within the terms of the statute of trusts, and is therefore valid.

Where by the terms of a deed of trust the *cestui que trust,* a married woman, is given full power of disposition of the estate, after the death of her husband, and the same power during his life, with his assent, a mortgage executed by husband and wife, is a good execution of the power, and conveys the estate.

THIS action was brought by the plaintiff, as trustee of Mary M. Jennings, to recover the sum of $600, surplus moneys arising from the sale of mortgaged premises. The plaintiff claimed by virtue of a deed of marriage settlement made on the 21st of July, 1845, by and between William M. Jennings of the first part, Mary M. Jennings his wife of the second part, and Robert S. Gordon jun. of the third part. The deed, after reciting that Mary M. Jennings, previous to her marriage, was seised and possessed of certain real and personal estate, which it was understood and agreed, by and between her and William M. Jennings, previous to their intermarriage, should be secured to her, conveyed to the said Robert S. Gordon jun. all her real and personal estate, for and upon the following uses, purposes and trusts, and under the following powers and limitations : " *In trust* for the said Mary M. Jennings, and for her heirs, executors and administrators, (other than and exclusive of her said husband,) as her sole, exclusive, and separate estate, and for her and their sole, separate and only use and benefit, exclusive of any and all right, title, interest, power and claim of her said husband therein, and of all liability for the payment of any of his debts, or on account of any of his acts, or on his account by reason of said marriage, or otherwise ; and upon this further trust, that in case the said Mary M. Jennings shall die before the said William M. Jennings, and leave him surviving her, that the said real and

personal estate shall go and belong to such lawful issue or issues, if any, of the said Mary M. Jennings as may be living at her death; to go and belong absolutely and in fee simple to such of said issue as shall live until the time when and whenever the youngest of such issue (who shall live to attain the age of twenty-one years) shall attain the said age of twenty-one years. But if all such issue shall die before the said real and personal estate can vest absolutely in some or all of them, as aforesaid, and unless otherwise conveyed by the said last will and testament of the said Mary M. Jennings, then the said real and personal estate, upon the death of all such issues as aforesaid, shall go and belong to the said William M. Jennings absolutely. And upon this further trust, that if the said William M. Jennings shall die, and the said Mary M. Jennings shall survive him, to convey and assure all the said real and personal estate unto her absolutely; and upon this further trust, that is to say, to convey and assure the said real and personal estate to such person or persons as she the said Mary M. Jennings shall at any time hereafter, by any deed under her hand and seal, duly executed and acknowledged, appoint and direct the same to be conveyed and assured unto, and upon such trusts, if any, as she may give and desire the same, unto, in and by any last will and testament, to be made by her in due form of law, the same as if she were a feme sole at the time of her making it, and that whether she shall be sole or covert at the time of making the same; and upon this further trust, that he the said Robert S. Gordon jun., his heirs, executors and administrators, shall and may in his and their discretion, control, manage, sell, dispose of, vest and reinvest the said real and personal estate and the income thereof, as shall be deemed most advantageous, rendering to the said Mary M. Jennings so much thereof of principal or income as may be necessary and proper for the maintenance and support of herself and family, and that her sole and separate receipt therefor shall be a sufficient acquittance; and upon this further trust, that after the death of the said Mary M. Jennings, if she leave lawful issue surviving her at her death, and has not disposed of her estate as herein provided, then and until said real and personal

estate shall vest absolutely in said issue as aforesaid, the said Robert S. Gordon jun., his heirs, executors and administrators, shall and may manage, control, sell and dispose of, vest and re-invest the said real and personal estate and its income, in any real and personal estate in his and their discretion, rendering from the same whatever may be necessary and proper for the maintenance, support and education of such issue; and upon this further trust, that it shall and may be lawful and proper to sell any of the estate hereby assigned, or that may hereafter be held under this settlement, and the proceeds and income thereof to vest in other real and personal estate, so often and whenever it shall be thought proper, and that said estate and its income, and every investment thereof and its income shall always be and re-main subject to the provisions of this settlement, in nowise liable or subject to her said husband, or to the payment of any of his hebts, nor shall he have any part thereof; and upon this further trust that the said Robert S. Gordon jun., his heirs, executors, and administrators, shall have a lien on and may from time to time reimburse, satisfy and pay himself and themselves out of the said estate for all such necessary and reasonable charges as he or they shall sustain or be put unto by reason of his being made party to these presents, or transacting anything pursuant thereto." William M. Jennings died in June, 1848, leaving his wife Mary M. surviving him, who is still living. Gordon, the trustee, died sometime in the year 1848, and the plaintiff Thomas C. Campbell, was appointed trustee in his place, by an order of this court made in January, 1849. At the date of the deed of trust a portion of the real estate thereby conveyed was incum-bered by a prior mortgage executed by one Cooper, a former owner, to John Reed. And on the 1st of May, 1846, after the trust deed was executed and recorded, Jennings and wife exe-cuted a second mortgage upon the same premises to Aaron Low, to secure the payment of $500, money loaned to them, or one of them; the mortgagors as well as Gordon the trustee, suppressing, as the defendant alledged in her answer, the fact of the exist-ence of the trust deed, and representing that the title to the land mortgaged was in the mortgagors, and that they had good

right and lawful authority to mortgage the same. Low had died, and the defendant was his executrix. The amount secured by the second mortgage not being paid when it became due, the defendant, on the 23d of May, 1849, purchased of C. J. Ruggles the prior mortgage given to Reed, and the same was foreclosed. At the foreclosure sale, on the 20th of August, 1849, the mortgaged premises were purchased by C. W. Swift, for $1065; and according to the terms of sale the purchase money was paid to the attorney, Mr. Dean, on the 30th of August. After paying the amount due upon the mortgage, with the costs of the foreclosure, there was a surplus of $553,59, still remaining in the hands of the attorney, awaiting the order of the court. The defendant insisted that by the terms of the trust deed, and by the laws of the land, Mary M. Jennings had a right to execute the mortgage to Low, and that the same was valid, and, at the time of the foreclosure sale, was a subsisting lien upon the premises. She therefore claimed that she was legally or equitably entitled to the surplus moneys, or so much thereof as would be sufficient to pay the amount of the mortgage given to her testator, with interest, in preference to the said Mary M. Jennings, or her trustee.

The cause was heard at a special term, without a jury, and judgment was ordered to be entered for the plaintiff for $553,39, and interest. And the defendant appealed.

*G. Dean*, for the appellant.

*Campbell & Dodge*, for the plaintiff.

BARCULO, J.   Among the trusts in this peculiar and complicated deed I find the following : " And upon this further trust, that he the said Robert S. Gordon jun., his heirs, executors, and administrators, shall and may in his and their discretion, control, manage, sell, dispose of, vest and reinvest the said real and personal estate, and the income thereof, as shall be deemed most advantageous, rendering to the said Mary M. Jennings so much thereof of principal or income as may be necessary and proper for

the maintenance and support of herself and family, and that her sole and separate receipt therefor shall be a sufficient acquittance." This clause confers upon the trustee certain powers and duties which take the trust out of that class of passive or formal trusts abolished by the revised statutes, and bring it within the cases of *Mason* v. *Jones*, (2 *Barb. S. C. Rep.* 229,) and *Gott* v. *Cook*, (7 *Paige*, 521.) The trustee may control, manage, sell and dispose of the estate and the income thereof, "and pay over the same for her support and maintenance." It is therefore substantially a trust to receive the rents and profits and apply the same to her use, within the terms of the statute. I think, therefore, that the trust deed was valid in its inception.

But there is another question, which was not raised nor considered at the special term. It is whether the execution of the mortgage by Mrs. Jennings was not a good execution of the power given her by the deed? Upon a careful examination of this instrument I have arrived at the conclusion that the *cestui que trust* is given full power of disposition of the estate after the death of her husband, and the same power during his life, with his assent; and that the mortgage, having been executed by both of them, conveyed the estate. The judgment below should therefore be reversed without costs.

Morse, J. concurred.

Brown, J. It becomes important to consider the legal effect of the deed from William M. and Mary M. Jennings his wife to Robert S. Gordon; for upon that depends the ability of the plaintiff to retain the judgment recovered by him at the special term. This deed is upon the following trusts. To the use of Mary M. Jennings, one of the grantors, and her heirs, as her sole exclusive and separate estate, and in the event of her death before William M. Jennings, the other grantor, the estate to vest in her lawful issue, if any, who shall attain the age of 21 years; and if none, then to vest in the said William M. Jennings. If Mary M. Jennings should survive her husband, the grantee was to convey and assure to her the whole estate imme-

Campbell *v.* Low.

diately upon his death.　There are also these further trusts, that the grantee should convey and assure the estate to such person or persons and upon such trusts as the said Mary M. should appoint and direct, by deed or last will and testament duly executed as if she was a feme sole, with power also to the grantee to sell, manage and control the estate, and invest and reinvest the proceeds, rendering to the said Mary M. so much of the principal and income as might be necessary for the support of herself and family, and taking her separate receipts therefor; and after the death of Mary M. Jennings, if she leave lawful issue surviving her at her death, and has not disposed of her estate in the premises as in the said deed is provided, then until the said estate shall vest absolutely in the said issue, the said Robert S. Gordon, his heirs, executors and administrators should manage and control, sell and dispose of the same and invest the proceeds, and in his and their discretion apply the same, and the income thereof, for the support of such issue.　The deed contains some other directions, but they do not affect the decision of the case.　It bears date July 21st, 1845.　There is no imperative direction to sell and convert the real estate into money, so as to impress the estate with the character of personal property and compel the cestuis que trust, or those claiming under them, to take it with the incidents which belong to that species of property.　The right to sell is discretionary with the trustee, and the power, if exercised at all, must have been exercised before the death of William M. Jennings leaving Mary M. surviving him; because whenever that event happened the grantee was to convey and assure to her the whole estate absolutely. The trust property must therefore be regarded as real estate, and the deed must be subject to all the provisions of the revised statutes in regard to such conveyances and the estates intended to be created thereby.

Uses and trusts, except as authorized in the second article, title two, chapter first, part second, of the revised statutes, are abolished.　Express trusts may be created for any or either of the following purposes.　1st. To sell lands for the benefit of creditors.　2d. To sell, mortgage, or lease lands for the benefit of

legatees, or for the purpose of satisfying any charge thereon. 3d. To receive the rents and profits of land, and apply them to the use of any person during the life of such person, or for any shorter period. 4th. To receive the rents and profits of lands and accumulate the same for the purposes and within the limits prescribed in the first article of such title. There were three classes of trusts well known at the common law, which are enumerated by the revisers, in their notes, as follows : 1st. Where the trustee had only a naked and formal title, and the whole beneficial estate or right in equity to the possession and profits, was vested in those for whose benefit the trust was created. 2d. Where the trustee was clothed with some actual power of disposition and management, which could not be properly exercised without giving him the legal estate and actual possession. 3d. Trusts arising or resulting by implication of law. The revised statutes have abolished the first class of trusts entirely. The second class are retained ; but their continuance is limited, and the purposes for which they may be created are defined and restrained. In *Hawley* v. *James*, (16 *Wendell*, 61,) Mr. Justice Bronson thus comments upon the law in relation to uses and trusts. " It is important to notice that all uses and trusts, except as authorized and modified by the statute, are abolished. Trusts arising by implication of law, are for the most part retained. (§§ 50, 54.) But there can no longer be any express trusts, except such as are authorized and defined by the statute, and those are all enumerated in the fifty-fifth section. In attempting to ascertain whether any particular trust can now be created, we can not resort to the common law, for the obvious reason that this light has been extinguished by the legislature. We can only read the statute, and give effect to such trusts as it has specially authorized ; all others being illegal and void, unless capable of execution in another form. (§ 58.)" The other form here referred to, means such trusts as are void, and vest no estate in the trustee, but may be lawfully performed as a power. In *Leggett* v. *Perkins*, (2 *Comstock*, 322,) the same justice again says : " There is no longer any common law right to create a trust of real property. The legislature has abolished

Campbell *v.* Low.

all trusts, save such as it has specially authorized; and if authority to make the trusts can not be found in the statute, it does not exist." Had the deed contained no other trust than that for the use of Mary M. Jennings and her heirs, no legal estate, even at the common law, would have passed to the grantee; for the instant the deed was executed, the use would have been transferred to, and united with the possession, and the legal estate would have become vested in the cestui que use. The trust that the grantee should convey and assure the estate to such person or persons as the said Mary M. Jennings should by deed or last will and testament appoint and direct; the trust to render to her, in the event of a sale, so much of the principal as might be necessary for the support of herself and family; and that providing, in the event of her death before her husband, that the estate should vest in her lawful issue, if any, who should attain the age of twenty-one years, together with the trust that in the event of her death, leaving lawful issue, and having made no disposition of the estate in the premises in her lifetime, and until the estate should vest absolutely in such issue, the trustee should apply the principal thereof, in the event of a sale, to the support and education of such issue, are trusts not authorized by any construction to be put upon the fifty-fifth section of the statute in regard to uses and trusts, and are, therefore, in my judgment, absolutely void. The fifty-eighth section of the act provides that when an express trust shall be created for any purpose not enumerated in the preceding sections, no estate shall vest in the trustee. And therefore if there were no other trusts in the deed except those which I have just specified, and I am right in the opinion that they are not embraced in any of the subdivisions of the fifty-fifth section, it is quite clear that the trustee would have taken no estate in the premises, but the same would have remained in the grantors, precisely the same as if no deed had been executed. (*Opinion of Ch. J. Savage,* 14 *Wendell,* 320. *Opinion of Mr. Justice Bronson,* 16 *Id.* 176. 5 *Barbour's S. C. Rep.* 140.) The deed, however, clothes the trustee with some actual power of disposition and management. The power in his discretion to manage

and control, and render to Mary M. Jennings the income for the support of herself and family, and the power to sell, in his discretion, if he chose to exert it before the death of William M. Jennings leaving Mary surviving him. A trust " to receive the rents and profits of lands, and apply them to the use of any person, during the life of such person, or for any shorter term," is a trust expressly authorized by the third subdivision of the fifty-fifth section of the act, and the power given by the deed to manage and control the estate, and render the income to the cestui que trust, must mean authority to receive the rents and profits, and apply them to the uses of the deed. A trust to receive the rents and profits, and pay over, at the common law, gives the cestui que trust an equitable estate in the rents, but the legal estate remains in the trustee. For, to use the language of Mr. Cruise, " whenever an estate is conveyed or devised to trustees, and they are required to do any act, to which the seisin and possession of the legal estate are necessary, although they should be directed to permit the rents and profits to be received by another person, still that person will only be entitled to the trust estate." (1 *Cruise's Dig. tit.* 12, *ch.* 1, § 15.) It is now settled, after a conflict of opinion, in which some of the best legal understandings in the state have come to directly opposite conclusions, that a trust to receive the rents and profits of lands and pay them over to the beneficiary, is a valid trust, within the provisions of the statute. (*Leggett* v. *Perkins,* 2 *Comst.* 297.) *Darling* v. *Rogers,* (22 *Wend.* 483,) is an authority for the rule that a deed is not void because some of its trusts are not authorized by the statute; but on the contrary, while some of the trusts are valid to the extent of giving effect thereto, it will be upheld and not suffered to fail. Regarding, then, the trust to manage and control the estate, and pay over the proceeds to Mary M. Jennings, as a valid trust, and that the deed passed the estate to the grantee, so far as to enable him to execute the trust, it becomes of consequence to consider the duration of this estate, and upon the happening of what contingency, if upon any, it was to terminate.

VOL. IX.　　　　　75

Campbell *v.* Low.

In the present aspect of the case, it is not indispensable to examine whether at the time William M. and Mary M. Jennings executed the mortgage, to Aaron Low, the defendant's intestate, they had any estate in the premises which they could pass to him by that form of conveyance. It will be sufficient for all the purposes of this suit if it appears, as I think it will, that the plaintiff at the time it was commenced, had no right or title to the surplus moneys which are the subject in controversy. The deed contains this trust or provision : that if the said William M. Jennings should die, and the said Mary M. should survive him, the trustee should convey and assure the estate to her absolutely. The power given to the trustee to sell, and his power of management and control, in respect to the income, rents and profits, and the estate which he took by implication, to enable him to execute the trust, was at an end by the terms of the deed itself, whenever this contingency happened. Mary M. Jennings then became entitled to an absolute conveyance of the entire estate in the premises. The whole beneficial interest or right in equity to the possession and profits of the estate belonged to her ; and under the forty-seventh section of the act concerning uses and trusts, she must "be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions as her beneficial interest." Such rights as Robert S. Gordon would have had, to this fund, had he been living, the plaintiff now has, and no other. The power of this court to supply the place of a deceased trustee, exists only in the case of an express trust which has not been executed. The trust in the present instance was executed by force and operation of the forty-seventh section of the statute, the moment William M. Jennings died, leaving Mary M. surviving him, and therefore at the time Mr. Campbell was substituted in the place of Robert S. Gordon, there was no express trust unexecuted, within the meaning of the sixty-eighth section of the act. (4 *Paige*, 403, 9 *Id.* 107. 1 *Barb. Ch. Rep.* 220.) The plaintiff therefore has not, in my judgment, any right to the moneys in controversy.

For these reasons I think the judgment given at the special term should be reversed, and judgment rendered for the defendant, but without costs.

Judgment reversed.