## MOFFAT et al. *v.* DICKSON.

1. In pleading to the jurisdiction of the court, under the statute (R.S., p. 500. § 2), an averment that "the contract upon which said cause of action was brought, and no part thereof was made specifically payable in said county," is obnoxious to demurrer as being uncertain and repugnant.

2. A rule to plead issuably instanter, means within twenty-four hours; and to enter judgment of default within that time, under such a rule, is error.

### *Error to County Court of Summit County.*

ASSUMPSIT was brought in the county court of Summit county, by Dickson, the defendant in error, against Moffat and Shrock, the plaintiffs in error. Summons was issued directed to the sheriff of Jefferson county, service was had, and the defendants appeared and pleaded to the jurisdiction. The plaintiff demurred generally, and assigned special causes of demurrer to this plea. The demurrer was sustained, and defendants were ruled "to plead over forthwith," and the defendants not complying with the rule, on that same day judgment was entered by default. Damages were assessed by the court in $360.00, and judgment rendered against the defendants in that amount. To reverse this judgment the defendants sued out this writ of error.

Messrs. HORNER, ELLIOTT & HAYNES, for plaintiffs in error.

Messrs. BENEDICT & PHELPS, for defendant in error.

ELBERT, J.  The demurrer to defendant's plea was properly sustained.  The averment that "the contract upon which said cause of action was brought and no part thereof was made specifically payable in said county," is uncertain and repugnant.  It is an averment that the contract, as an entirety, was payable in said county, but that no part of it was payable there.  It cannot be aided by intendment, and that construction is to be adopted which is most unfavorable to the party pleading.

Upon sustaining the demurrer the court ruled the defendants to answer over *forthwith*, and upon failure to answer over entered judgment of default, upon the same day and at the same sitting of the court.  This is assigned for error.  Forthwith has a relative meaning, and will imply a longer or shorter period, according to the nature of the thing to be done.  This is denominated its *effectual* and *lawful meaning*.  Bouvier defines it "as soon as by reasonable exertion confined to the object, it may be accomplished.  This is the import of the term.  It varies, of course, with any particular case."  It has been defined as meaning "with all reasonable celerity."  *Burgess* v. *Bartefeur*, Mann. & G. 493.  It is synonymous with immediately, and immediately has been construed to mean "such convenient time as is reasonably requisite for doing the thing."  *Pybus* v. *Milford*, 2 Lev. 77.  In a case of a "covenant to *forthwith* put premises in repair," it was held to mean reasonable time for that purpose, and not a day or a week."  *Pitman* v. *Sutton*, 9 Carr. & Payne, 706.  Where a fire occurred on the 15th of June, and the insured knew it on the 18th, and sent notice on the 23d, it was held a sufficient compliance with the condition of the policy requiring notice of loss to be given forthwith.  *New York Cent. Ins. Co.* v. *National Protection Ins. Co.*, 20 Barb. 468.  A rule of court required the report on exceptions to be delivered to the party obtaining the reference, who was *forthwith* to file the same in the proper office.  It was construed to mean within twenty-four hours.  *Champlin* v. *Champlin*, 2 Edwards' Ch. R. 329.

An order was made by the court directing a party "to

deposit a paper in his possession with the master forthwith,'' and upon failure to comply with the order within an hour after notice, the party was committed for contempt. *The People ex rel. Morrison* v. *Brown*, 4 Paige, 404. These cases show that regard must be had to the nature of the act, or thing to be performed. While the term is imperative and admits of no unnecessary delay, it imposes nothing but due diligence, to be measured by the circumstances of each particular case. A rule to plead forthwith is not, therefore, to be construed as requiring a plea *eo instanti.* Time is necessary to examine the declaration, and consider of and frame the pleas, and under the rulings in analogous cases the time should not be held to mean less than twenty-four hours, and might import, in a case of intricacy and difficulty, a longer period. A rule to plead issuably, *instanter*, means within twenty-four hours. 1 Tidd's Practice, 567*, and also when used in chancery orders. 2 Barb. Ch. Pr. 588.

Where used in a rule to plead, we see no good reason for saying that one term shall import a shorter time than the other. In this view, the court entered judgment by default against the defendants before the expiration of the time allowed for filing their pleas, and this was error.

The judgment must be reversed with costs, and remanded for further proceedings according to law, the defendants having leave to plead in bar, on or before the first day of the next regular term of the court below.

*Reversed.*