

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Rudd
Acting Director
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. Q-3844
Re: Disability and service
retirement benefits in
certain cases.

In your letter of July 31, 1941, you request our
opinion in response to these questions:

"1. Would the State Board of Trustees be
within the limitations imposed by the Teacher
Retirement Act if they ruled that a member over
the age of sixty and who has rendered at least
twenty years of creditable service may be retired
on a service retirement allowance within thirty
to ninety days after application for such allow-
ance is made and upon satisfactory proof of the
disability of the member?

"2. Would the State Board of Trustees be
within the limitations imposed by the Teacher
Retirement Act should they rule that a member
of the Teacher Retirement System over the age
of seventy and who has rendered at least twenty
years of creditable service may be retired on
a service retirement allowance immediately upon
receipt of application for retirement at any
time during a school year?

"3. Would the State Board of Trustees be
within the limitations imposed by the Teacher
Retirement Act should they rule that once a mem-
ber is retired upon a disability retirement al-
lowance, the amount of the allowance will not
be automatically increased to a service retire-
ment allowance upon the attainment of age sixty
by the member while still disabled?"

Pertinent statutory provisions are found in H. B. 1015, 47th Legislature, amending S. B. 47, 45th Legislature, the Act setting up the Teachers Retirement System, and the sections below quoted are from Section 2 of said H. B. 1015, (which Section 2 amends Section 5 of the original Act) unless otherwise indicated.

Subsection 1, reads:

"Any member may retire upon written application to the State Board of Trustees. Retirement shall be effective as of the end of the school year then current, provided that the said member at the time so specified for his retirement shall have attained the age of sixty (60) years and shall have completed twenty (20) or more years of creditable service, and provided further that no retirement shall be effective prior to August 31, 1941. Any member in service who has attained the age of seventy (70) years shall be retired forthwith, provided that with the approval of his employer he may remain in service."

Subsection 3, reads:

"Upon the application of a member or of his employer or his legal representative acting in his behalf, any member who has had twenty (20) or more years of creditable service may be retired by the State Board of Trustees, not less than thirty (30) and not more than ninety (90) days next following the date of filing such application, on a disability retirement allowance, provided that the Medical Board, after a medical examination of such member, shall certify that such member is mentally or physically incapacitated for the further performance of duty, that such incapacity is likely to be permanent, and that such member should be retired."

Subsection 4, reads in part:

"Upon retirement for disability a member shall receive a service retirement allowance if he has attained the age of sixty (60) years; otherwise, he shall receive a disability retirement allowance consisting of a membership annuity, which shall be the actuarial equivalent of his membership annuity reserve,

Honorable John S. Rudd, Page 3

and a prior-service annuity to which his creditable service and membership in the Teacher Retirement System entitled him under the provisions of this Act."

Subsection 3 controls the question as to when a disability retirement is to be made, that is, from thirty to ninety days next following the filing of the application. Subsection 1 governs when the retirement comes about by reason of the teacher's having reached the age of sixty years and having the twenty years' service record. In that case the retirement becomes effective at the end of the current school year. The difference thus made is a most natural one. The advent of physical or mental disability takes no account of any need for the teacher to finish out the school year. Under subsection 4, if the teacher who is thus being retired on account of disability is sixty years of age or more his allowance will be as for service retirement. Accordingly your first question is answered in the affirmative.

We now pass to a consideration of your second question. Noting in particular the last sentence of subsection 1, is a man who attains seventy years of age subject to the provision in the immediately preceding sentence relative to retirement being effective as of the end of the current school year? Or, does the provision that he shall be retired, "forthwith" mean that he shall be retired at once upon reaching the age of seventy, whether school is in session or not?

The word "forthwith" has no well defined meaning. While it does not necessarily mean instantaneously or at a time immediately succeeding without an interval (Anderson vs. Goff, 13 Pac. 73, Cal.; Lucas vs. Western Union, 109 N.W. 193, Iowa), it does seem to have a more restricted meaning than "reasonable time" as that term is ordinarily used. Bowser vs. Atkinson, 143 S.W. 75, Mo. App. From Austin vs. Welch, 72 S.W. 881, San Antonio Court of Civil Appeals, we quote:

"This brings us to the second question in the case--was the mortgage forthwith deposited with and filed in the office of the county clerk? In Hackney v. Schow (Tex. Civ. App.) 53 S.W. 714, in considering the meaning of the word 'forthwith' as used in Rev. St. art. 3328, the court says: 'The term "forthwith" is an "imperative term, and certainly admits of no unnecessary delay." Mr. Webster defines the term as meaning "immediately; without delay; directly." Bouvier: "As soon as the thing may be done by

reasonable exertion confined to that object." Mr. Rapalje and Mr. Black also give this definition, substantially. * * * Sec. 8 Am. & Eng. Enc. Law, p. 571, and notes, the term being thus defined in the text as meaning "immediately; within reasonable time; with all reasonable celerity." Indeed, as was said by our Supreme Court in the opinion by Chief Justice Gaines in the case of Baker v. Smelser, 88 Tex. 26, 29 S.W. 377, 33 L.R.A. 163, the term "has been too often construed to require discussion." It will be sufficient to say that in the case cited the term, as used in our chattel mortgage statute, was defined to mean,"with all reasonable diligence and dispatch."'"

"Forthwith," as used in statutes regulating official duties, has generally been construed as meaning that the duty is to be performed promptly and with all convenient dispatch, but this requirement is always modified by the circumstances and the nature of the duty to be performed. Gunn vs. Lander; 87 N.W. 999, N. Dak.; Moffat vs. Dickson, 3 Colo. 313.

Does the use of the word "forthwith" in said last sentence of subsection 1 mean anything? If that word had been left out retirement would be as of the end of the current school year. We believe it was inserted for some reason. If it has any meaning at all it is that the retirement will be effective immediately, without regard to the time the school year is to end. If the retirement comes at a time when it would seriously affect the welfare of the school, a remedy is provided, he may remain in service with the approval of the employer. We therefore hold that a teacher who has attained the age of seventy years may be retired at any time during the school year, in answer to your second question.

We will now concern ourselves with your third question. It is made clear in more than one place that twenty or more years of prior creditable service on the part of a teacher is a requisite to his retirement on disability allowance. Definition (24), Section 1, H.B. 1016; subsection 3, Section 2. id. The only other requirement for a man to draw service retirement benefits other than to become sixty years of age is that he have the twenty years prior service record. Definition (23), Section 1; Section 2, subsection 1.

From a reading of the Act as a whole we are convinced that it is contemplated that members who have attained the age of sixty years, if retired, shall be awarded service

Honorable John S. Rudd, Page 5

retirement benefits, and that there shall be no teachers beyond sixty years of age drawing disability retirement allowance. In subsection 5b, Section 2, it is provided that "no teacher eligible to retire for service at sixty years shall be allowed to retire on a disability allowance." And, as already noted, subsection 4 says that "upon retirement for disability a member shall receive a service retirement if he has attained the age of sixty years. Furthermore, the medical examinations required of a disabled member cease when he becomes sixty years of age.

To say the least there is no language in the Act which would compel a construction which would have a disabled member above sixty drawing less than an able bodied member of the same age. It is our opinion that upon attaining the age of sixty years, a member who is under disability retirement should be automatically placed under service retirement, and we therefore answer your third question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By: Glenn R. Lewis
    Glenn R. Lewis
    Assistant

GRL:fs

APPROVED AUG 14, 1941

Acting ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE BY CHAIRMAN