Barrett, J.
(1.) The rules with regard to equitable conversion are well settled and the only difficulty is in their application to particular cases. Equitable conversion may take place by implication as well as by express words. The implication, however, must amount to a positive direction and leave the trustee without discretion. In other words, the language used must be such as to make it obligatory upon the trustees to sell. The provisions of the present will are within these principles. The testator gives, devises and bequeaths all his estate, real and personal, to his executors upon certain trusts, the execution of which as specifically directed, absolutely requires the sale of the real estate. The first direction requires the ascertainment of the money value of the testator’s entire estate and the investment dependent upon such value, of either $10,000 or $5,000 in United States bonds or bonds of the state or city of New York, for the benefit of his mother during her life. The second direction requires the executors to invest all the rest, residue and remainder of the estate in United States bonds or in bonds of thé city or state of New York, *85 or in bonds secured by first mortgage on real estate in the city of New York, and to pay the interest and income thereof to his wife for life. After her death, he bequeaths the whole of his said estate to his children share and share alike. Here we have a specific direction to “ invest both his real and personal estate in three specified classes of securities.”
This necessarily implies conversion—conversion of both the real and the personal estate into money in order to purchase the securities to which the executors are limited. It is the interest and income derivable not from the real and personal estate, but from the investments, to wit: such securities, which are to be paid to the widow during her life. These securities, from which such interest and income are to be so derived and paid, constitute a the whole of said estate,” which upon the widow’s death is bequeathed to the children.
How otherwise are these specifically defined securities to be obtained save by such conversion ? There is no discretion. The executors must make the required investments. Consequently they must convert.
Neither the case of Hobson v. Hale, 95 N. Y., 588, nor that of Gourley v. Campbell, 66 N. Y., 169, conflicts with this view. In Hobson v. Hale, the real and personal estate were to remain in the care and control of the executors and trustees “ well and safely invested.’’ The court held that this phrase did not necessarily involve an implied conversion, that the real estate remaining unsold in the care of the executors might be treated as the safe investment contemplated by the testator; and indeed that, under this phraseology, even the personal estate need not change its original character. But the following language of Miller, J., is significant and clearly applicable to the . case at bar : “ It (the will) does not direct any change in the character of the property or prescribe the nature of the investments to be made, or the manner in tohich this part of their duty shall be performed.”
*86 So, in Glourley v. Campbell (swpra), while the executors were directed to place all the testator’s property, real and personal, at interest on bond and mortgage, “ or otherloise as in their judgment they deemed best” the court held that there was no conversion because (for one reason) in directing the application of the proceeds, the word “rent” was used in connection with “income and interest.’’ Another reason was that the trustees were not limited to bond and mortgage investment; and the retention intact of the real estate was consistent with the discretion given by the phrase commencing “ or otherwise.”
There was the further and very conclusive reason that the remainders to the children, upon the death of the widow, were of all the estate, “ both real and personal.”
It is quite clear that these cases are not parallel with the present and they aid us mainly in the suggestiveness of the court’s reference to the absence there of facts which are here present. I am therefore of opinion that in this case, there was an equitable conversion of Mr. Asch’s real estate into personalty.
It follows that both the subsidiary questions should be answered in the affirmative.
A power of sale is necessarily implied to effectuate the distinctly enunciated purposes of the will. Without it, these purposes fail and the mandatory direction must remain unexecuted. Nor is there any difficulty because the donees of the power are not specified. A sale by the executors and trustees was clearly contemplated and must be held to have been impliedly directed.
(2). A more difficult question is whether the provision made for the testator’s wife was in lieu of dower. It was held in Lewis v. Smith, 9 N. Y., 502, that a devise of the testator’s whole estate to his widow for life is not a provision in lieu of dower unless such intention be implied from other terms in the will. She may take one-third as doweress and two-thirds as devisee. The case of Bull v. Church, 5 Hill, 206 (affirmed 2 Denio, 430), was referred *87 to as controlling. There the principle stated in Ellis v. Lewis, 3 Hare, 310, was adopted, namely, that a devise of lands eo nomine upon trusts for sale, or .a devise of ' lands eo nomine to a devisee beneficially, ■does not per se express an intention to devise the lands otherwise than subject to its legal incidents, that •of dower included. The question then is, whether the provisions in favor of the wife in the present will are within these principles. In my opinion, they are not and the claim of dower is inconsistent with the entire scope of the will. It will be perceived, at the outset, that there is no ■devise to the widow of any part of the estate. The legal title to the entire estate is explicitly vested in the trustees. It is so vested upon certain trusts which, as we have seen, involve the conversion of the real estate into personalty, and require the reduction of the entire estate, real and personal, into money, to the end, first, that the fluctuating provision for the testator’s mother should be settled; second, that the proper investment for her should then be made, and, third, that the rest, residue and remainder of the ■estate should be invested for the benefit of the widow in the specific manner already pointed out.
Thus the devise was not of a mere technical estate, with power of sale, where the devisee takes subject to the existing legal incident of dower. It was on the contrary a devise of the entire estate, legal and equitable, substantially for the benefit of the luidow. The intention clearly was, that ■she should enjoy, not the income derivable from two-thirds, but that derivable from the conversion of the entire fee thus legally vested in the trustees. This view is in harmony with the principles upon which the cases of Savage v. Burnham, 17 N. Y., 561, and Tobias v. Ketchum, 32 N. Y., 319, rest. It is true that in these cases the widow did not take the entire income, which was disposed of in such a manner that the scheme of the will would clearly have been defeated, had the claim of dower been allowed. But the creation of the trust and the vesting of the entire legal estate in the trustees *88 were treated as having an important bearing upon tliequestion of intent.
And that they should have an important bearing upon? this question is very clear, for it seems incredible that Mr. Asch, desiring to create a trust estate, which would produce for his wife the largest possible income consistent with safety, should have vested in his trustees anything less than the entire fee. He has certainly used appropriate language to produce the latter result and there is. nothing anywhere in the will' to indicate that he intended anything less. He clearly did not intend to vest in his. trustees but two-thirds of his real estate; to make up the trust investments by converting such two-thirds into personalty, and to leave the remaining one-third to vest in his wife as unconverted realty. .In my judgment, the scheme of this will is wholly inconsistent with any other intent than the vesting of the entire fee in the trustees for the benefit of the wife; that the provision made for her contemplated the enjoyment of the income derivable from, such entire fee, that is, from what, but for an election,, would have been her one-third as well as from the remaining two-thirds ; in other words, from the whole.
I am consequently of opinion that such provision was clearly intended to be in lieu of dower, and that by accepting it,, the widow so elects.
(3.) With regard to the third question presented for my judgment, I think there can be but little doubt. If a life estate had been given to the widow with remainder to the children, there would have been no difficulty in supporting her theory of merger, but under the present will, she has, no estate. The entire estate, as we have seen, is vested in the trustees for her life. As cestui que trust, she has a mere equitable right to have the trust enforced for her benefit. This right is not an' estate, legal or equitable, which can be merged in the vested remainder.
Nor can the estate of the trustees be merged in an estate given to others. There is no force in the position that the- *89 estate of the trustees has ceased under the Revised Statutes (1 R. S., Edm. ed., 680, § 67). The purposes for which the trust was created have not ceased and consequently the statute is wholly inapplicable.
Those purposes were to invest the estate, as previously pointed out, in specific classes of securities and to pay the interest and income thereof to the widow during her natural life. That purpose has not ceased and cannot cease until Mrs. Asch’s death. Upon that event, the trustees are not in terms directed to pay over to the children, but there is. a formal devise to the latter of the entire estate as then existing. The court cannot say that the testator’s intention, in creating this trust, was simply to protect the children. «
What we do clearly see is, that the testator has given his wife no control whatever of the "principal. That is given, with the legal estate, absolutely to the trustees.
. The only intent which we are justified in inferring is that which is plainly expressed, namely : that the trustees, shall manage and control' the estate during Mrs. Asch’s life, while she shall enjoy the income and that only. These purposes cannot be judicially frustrated. They are the testator’s, and they must be respected.
Mrs. Asch’s learned counsel suggests that it is common sense, that one who possesses a vested remainder in property, the income of which is also hers, should enjoy the absolute ownership.
But this is not what the testator has provided. He has given her no estate and no control; and he has limited the estate given to the children for her life. She takes from the deceased child just what was conferred upon that child, namely : the estate limited upon her own life. She can do with that estate just what the child, if living and an adult, could do. Neither more nor less. Meanwhile as cestui que trust under the will, she enjoys the beneficial interest which alone the testator has said she should enjoy.
This would be the result even if both children were dead. But the conclusion follows with even greater force, *90 in view of the life of David Asch. The trust is an entirety. It cannot live in part and die in part; cannot be destroyed .as to one-quarter of the trust estate, and continue in full force as to three-fourths. The executors are bound to -execute the trust as created, and as in terms imposed upon them, not only as to the beneficiary, but as to the material ■subject. And David Asch has a right to require this of them and to demand that the whole corpus of the estate be .kept invested according to the injunctions of the will until the time when, by the devise, it is to vest in possessory enjoyment. Then, and not until then can there be a division of the corpus. David’s sister could not have enjoyed the devised estate in actual possession until he did. Xeither can he as one of her next of kin enjoy his part of her share in such actual possession until he thus enjoys his own. The same rule necessarily applies to the mother -as the other next of kin of her daughter, David’s sister.
There must be judgment in accordance with the views above expressed, with costs to each of the parties to be paid out of the estate.