JULIUS T. ASCHE et al., as Executors, etc., Respondents, v. ESTELLE ASCHE, Individually and as Executrix, etc., Appellant, et al.

The will of A. devised and bequeathed all his real and personal property, after the payment of debts and funeral expenses, to his executors, in trust, to invest and keep invested the proceeds in certain specified interest-bearing securities, to pay the income of a certain small part thereof to his mother during life, and the balance to his widow during life, including that bequeathed to the mother after her death, and after the death of the wife the remainder over to the testator's surviving children, share and share alike. In an action for the construction of the will, it appeared that the widow and two children survived him, one of whom died thereafter and before the commencement of the action. The widow claimed the benefit of the provision made for her in the will and also dower in the testator's real estate, and that upon the death of her child she, as next of kin, became entitled to one-half of the remainder provided for each child and to an absolute interest in possession of one-quarter of the estate by reason of a merger of her legal and equitable interest therein. *Held*, untenable; that the creation of a trust for her life was inconsistent with an implied right on her part to manage and control any part of the estate; that from the fact that the testator gave her the income of all his estate it was to be implied that he did not expect her also to take dower; and that the will indicated the testator's intent that all his property should be converted into money; that the widow's interest in the trust estate did not merge in that acquired on the death of her child; that there could be no merger because of the existence of the trust estate.

Where there is a manifest incompatibility between the provision for a widow in a will and dower, the widow is put to an election between them.

In equity the union of legal and equitable estates in the same person does not effect a merger unless such was the intention of the parties and justice and equity require it.

Merger is accomplished in law when two or more estates in the same property unite in the same person, and when these estates comprise the whole legal and equitable interest in such property, and so the holder becomes the absolute owner; it cannot take place where there is an intermediate estate.

The provisions of the Revised Statutes (1 R. S. 727 § 471), indicating the circumstances under which the union of legal and equitable estates extinguish the latter, are, in principle, equally applicable to trusts of personal property.

Also, *held*, that the widow by the death of her child acquired a future estate, dependent upon the precedent estate of the trustees, which may be devised but cannot be enjoyed in possession; that it was the intent of the testator to put the *corpus* of the fund beyond the hazard of impair-

. ment and waste during the life of his widow, and this could not be defeated or affected by the acquisition by her of the estates in remainder. The necessity of a conversion of realty into personalty, to accomplish the purposes expressed in a will, is equivalent to an imperative direction to convert, and effects an equitable conversion.

Reported below, 47 Hun, 285.

(Submitted March 15, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 22, 1888, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are sufficiently stated in the opinion.

*Joseph Fettretch* for appellant. The appellant is entitled to the share of her deceased child discharged from all claim of the trustees and executors. (1 R. S. [Edm. ed.] 680, § 67; *In re De Kay*, 4 Paige Ch. 403; *Bellanger* v. *Shafer*, 2 Sandf. Ch. 295, 296.) The claim of no person taking any interest during the widow's lifetime is in conflict with the appellant's right of dower. (*Lewis* v. *Smith*, 9 N. Y. 502, 511, 512; *Sanford* v. *Jackson*, 10 Paige Ch. 269; *Havens* v. *Havens*, 1 Sandf. Ch. 324, 328, 329; *Adsit* v. *Adsit*, 2 Johns. Ch. 448; *Church* v. *Bell*, 2 Den. 430; *Konvalinka* v. *Schlegel*, 25 Week. Dig. 462.)

*Simpson & Werner* for plaintiffs, respondents, and *John C. Gluck*, guardian *ad litem*, for infant defendant, respondent. The trust life estate of the money did not merge in the remainder which devolved upon the widow on the death of her child. (*James* v. *Morey*, 2 Cow. 246; 6 Johns. Ch. 417; *Willard* v. *Mullen*, 5 Hun, 572; *Champney* v. *Coope*, 32 N. Y. 543.) The widow having elected to take the provision in her favor, the trustees take the entire estate free from her dower. (1 Roper on Husband and Wife, 582; *Matter of Zahrt*, 94 N. Y. 605; *Savage* v. *Burnham*, 17 id. 561; *Le Fevre* v. *Tool*, 84 id. 95; *Tobias* v. *Ketcham*, 32 id. 319; 2 Jarman on Wills [Rand. & Tall. ed.] 22.)

Ruger, Ch. J. This is an action between the several executors of the will of Jacob Asche and his widow and legatees to obtain a construction thereof by the court. The will, in substance, devised and bequeathed all of his real and personal property, after the payment of debts and funeral expenses, to his executors in trust to invest and keep invested the proceeds thereof in United States bonds or in bonds of the state or city of New York, or in bonds secured by first mortgage on real estate in the city of New York, and to pay the interest or income of a certain small part thereof, determinable by the gross value of his estate, to his mother during her life, and to pay to his widow during her life the interest and income upon all the rest, residue and remainder of his estate, including that bequeathed to his mother, upon her death, and after the death of his wife remainder over to his surviving children, share and share alike. At the testator's death his wife and two children survived him. One of the children died after the testator and before the commencement of this action. The widow now claims the benefit of the provision made for her by the will and also dower in the real estate owned by the testator at his death. She contends that upon the death of her daughter she became entitled, as next of kin, to one half of the remainder provided for such child, and to an absolute interest in possession of one quarter of the estate by reason of an alleged merger of her legal and equitable interest therein.

These questions are to be determined by the intentions of the testator as indicated by the language of the will and the circumstances surrounding its execution. The general scheme of the will seems to be antagonistic to the claims of the widow. The creation of a trust estate mainly for the benefit of his wife, which was to endure so long as she lived, is inconsistent with an implied right on her part to manage and control any part of the property devised. The testator excluded his wife from the control of his personal estate, and the reason influencing this provision would seem to indicate a similar intention in regard to his real estate. The circumstance that the testator substantially made his wife the sole beneficiary of the trust,

thus giving her the income of all of his estate, gives force to the implication that he did not suppose she would also take dower.

That the testator intended the conversion of all of his property into money and its investment in interest bearing securities, which should remain under the exclusive management and control of his trustees during the life of the widow, is clearly to be implied from the purposes expressed in the will. Those purposes can be effected only in the mode directed, and the legal estate given to the trustees must necessarily continue so long as the objects of the trust remain unperformed. The necessity of a conversion to accomplish such purposes, is equivalent to an imperative direction to convert, and effects an equitable conversion of the property. (*Hobson* v. *Hale*, 95 N. Y. 588 ; *Chamberlain* v. *Taylor*, 105 id. 185.) This conversion was essential in order to determine the amount of income to which the testator's wife and mother should be respectively entitled, and is inconsistent with the existence of a life estate in any part of the real property in the wife. The absolute power of sale conferred upon the executors was evidently not intended to be limited or impaired by an inability on their part to convey a good title to the whole of such real estate, and the purposes of the will required such sale to be made unhampered by obstructions which might be interposed by conflicting interests in the property.

Although there is no express language providing that the bequest to the widow shall be in lieu of dower, yet where there is a manifest incompatibility between such provision and dower, it is held that she cannot take both, and is put to her election between them. (*Vernon* v. *Vernon*, 53 N. Y. 351; *Konvalinka* v. *Schlegel*, 104 id. 125 ; *Matter of Zahrt*, 94 id. 605.) To hold otherwise would impair the general scheme of the will and create an incompatibility of provisions which should preclude the widow from taking dower. It is also quite clear that the widow's interest in the trust estate did not merge in the legal estate which she acquired by the death of her daughter. In equity the union of legal and equitable

estates in the same person does not effect a merger unless such was the intention of the parties, and justice and equity require it. (*Smith* v. *Roberts*, 91 N. Y. 470; *Champney* v. *Coope*, 32 id. 543.) Merger is accomplished in law when two or more estates in the same property unite in the same person, and when such estates comprise the whole legal and equitable interest in such property, the person holding them becomes the absolute owner. (*Mickles* v. *Townsend*, 18 N. Y. 575; Bouv. Institutes, §§ 1993–1995.) Merger requires the existence of two estates, a greater and lesser, and, upon merger taking place, the lesser estate is said to be extinguished and absorbed in the greater; but this cannot take place where there is an intermediate estate. Merger takes place by virtue of unity of seizin. (*Mickles* v. *Townsend, supra.*) There could, therefore, be no merger here because of the existence of a valid trust with the right in the trustees to the possession of the trust fund for the purposes of management and control during the life of its beneficiary. The trust must exist so long as the widow lives, and during her life there could be no merger. She has no estate in the subject of the trust. She had an interest in it as beneficiary, but it was essential to the existence of that interest that the trust estate should be maintained. The destruction of the trust would necessarily terminate her interest therein, and there would then be nothing to merge. As was held in *Pauling* v. *Hardy* (Skinner, 62): "Where an estate and a mere right in the land, not an estate, meet in the same person, the merger will not take place, because such an interest is not an estate."

A merger cannot take place except by the extinguishment of the lesser estate, and in this case to extinguish the lesser interest would leave the widow with a remainder alone which could take effect in possession only upon her death. (Bouvier's Institute, § 1995.) The provisions of the Revised Statutes indicating the circumstances under which the union of legal and equitable estates extinguishes the latter, are, in principle, equally applicable to trusts of personal property. Section 47 of the chapter on Uses and Trusts, as was said by

the chancellor in the *Matter of De Kay* (4 Paige, 403), provides that every person who is entitled to the *actual possession of lands* and to the receipt of the rents and profits thereof in law or in equity, is deemed to have a legal estate therein, commensurate with his beneficial interest in the premises, except in those cases where the estate of the trustee is connected with *some power of actual disposition or management*. Here the widow is not only not entitled to the possession of the trust fund, but there is also a valid trust imposing upon its trustees the duties of actual disposition and management which will continue as long as the fund exists and the widow lives.

It is argued by the appellant that upon the death of both children the widow would become, as heir to her children, and the sole beneficiary in the trust, entitled to the immediate possession and control of the trust fund. We do not think so. The object of the creation of the trust estate would not then have been accomplished. The intention of the testator to put the *corpus* of the fund beyond the hazard of impairment and waste during the life of his wife cannot be defeated or affected by the acquisition by her of the estates in remainder created by the will. The necessity for the maintenance of the trust would remain in full force notwithstanding the widow's succession to the rights of her children. By such acquisition she would acquire a future estate, dependent upon the precedent estate of the trustees, but which she cannot enjoy in possession. She might devise it, but cannot possess an estate conditioned upon her own death.

In view of the full and satisfactory opinions of the courts below, we have already extended our discussion of the case beyond the limits which necessity required and those which we intended.

The judgment appealed from should be affirmed, with costs of all parties to be paid from the estate.

All concur.

Judgment affirmed.