| 62 | 329 |
| 131a | 629 |
| 62 | 329 |
| 75 | 241 |

THOMAS H. GREER, Individually and as Executor of ANNA L. GREER, Deceased, Respondent, *v.* ALDEN CHESTER, Executor and Trustee of ANNA L. GREER, Deceased, Appellant, Impleaded with Others, Defendants.

*Will — legal separated from illegal trusts — an estate in a trustee and the remainder in the beneficiary, not inconsistent — 1 R. S , m. p. 730, sec. 63; m. p. 727, secs. 47 and 48.*

A testatrix, by a clause of her will, gave the rest, residue and remainder of her property to a trustee to receive the rents, issues and profits thereof, and to pay the net income to her husband for life, and after his death to pay one-half of it to her grandson for life, the other half to be added to the principal of the estate. The direction for accumulation was conceded to be unlawful.

The will further provided that after the death of the grandson the whole estate should pass to charitable and benevolent corporations. This devise was conceded to be unlawful because not made two months before the death of the testatrix.

The only heirs and next of kin of the testatrix were her husband and grandson.

In an action brought by the executor to obtain a construction of the will:

*Held,* that where several trusts are created in a will which are complete in themselves, and the legal can be separated from the illegal trusts without defeating the intention of the testatrix, the legal trusts will be sustained.

That the bequest to the trustee to pay the rents and income to the husband for life was valid.

That the direction putting in the hands of the trustee one-half of the income of the share of the grandson during life, presumably to secure it from risks or improvidence, was legal and should be carried out.

That the provision directing an accumulation of one-half of the estate after the death of the husband, during the life of the grandson, was void, and that the testatrix died intestate as to this remainder.

That the property of the deceased passed, subject to the two trusts, to her heir-at-law and next of kin, and to her husband, according to the laws of descent and distribution.

That there was nothing inconsistent in the fact that the trustee should have an estate in trust for the life of the grandson, and that the latter should have the remainder in fee, and that there was no merger.

Appeal by the defendant Alden Chester, as executor and trustee under the last will and testament of Anna L. Greer, deceased, from a judgment, entered, after a trial by the court without a jury at the Albany Circuit, in the office of the clerk of Albany county on the 7th day of October, 1891, except from so much thereof as adjudged

THIRD DEPARTMENT, DECEMBER TERM, 1891.

that the third, fifth and sixth clauses of said will were valid, and except from so much thereof as adjudged that the seventh, eighth and tenth clauses thereof were void.

*Robert G. Scherer,* for the appellant.

*James J. Farren* and *D. Cady Herrick,* for the respondent.

PUTNAM, J.:

The action was brought to obtain a construction of the will of Anna L. Greer, deceased. Certain provisions therein are conceded to be void by the parties, and were so held by the court below.

The question in the case arises out of the ninth clause in the will, which the trial court held invalid, and which, as far as necessary to set out, is as follows, viz. :

"*Ninth.* I give, devise and bequeath all the rest, residue and remainder of all my property and estates, real and personal, of whatever name, nature or kind, to Alden Chester, of the city of Albany, N. Y., in trust, nevertheless to receive the interest, income, rents, issues and profits thereof, and after paying thereout all taxes, assessments, costs of repairs and insurance, and all expenses and commissions for the management of said trust, to pay the balance of said interest, income, rents, issues and profits quarterly to my said husband, Thomas H. Greer, for and during the term of his natural life ; and from and after the death of my said husband to pay one-half of the said balance of said interest, income, rents, issues and profits quarterly to my said grandson, Thomas Day Greer, during the term of his natural life, and the other one-half thereof to be added to the principal of my estate."

The will then provides for, or contemplates an accumulation of one-half of the income of the estate of the testatrix specified in said ninth clause, after the death of plaintiff, until the death of her grandson, Thomas Day Greer, when the whole estate is devised to certain charitable and benevolent corporations. The direction for the accumulation is conceded to be unlawful and also the devise to such benevolent corporations, the will not having been executed two months prior to the death of the testatrix.

After the bequest or devise to the defendant, Alden Chester, as trustee, to pay over the income of all her said estate to her husband,

Thomas H. Greer, for life, and after his death one-half of said income to her grandson, Thomas Day Greer, the residue or remainder of the estate of the testatrix was, in fact, undisposed of, the direction for the accumulation and the devise to said charitable associations being void.

The plaintiff, the husband of the testatrix, and the defendant Thomas Day Greer, are the only heirs and next of kin.

The Special Term held the ninth clause of the will invalid. And as to the property therein bequeathed and devised to said defendant Alden Chester, in trust, that testatrix died intestate, and adjudged that such property should be divided between the husband and grandchild, one-third to the former and two thirds to the latter. In effect, the court below held that the legal portion of the will in the ninth clause could not be separated from the illegal parts of the will therein or subsequent thereto, and that hence the whole was void. (*Knox* v. *Jones*, 47 N. Y., 390.)

The doctrine is well established that "where several trusts are created by a will, which are independent of each other and each complete in itself, some of which are legal and others illegal, and the legal can be separated from the illegal and upheld without doing injustice or defeating what the testator might, in the emergency, be presumed to wish, the illegal trusts may be cut off and the legal permitted to stand." (*Kennedy* v. *Hoy*, 105 N. Y., 134; *Van Schuyver* v. *Mulford*, 59 id., 426; *Underwood* v. *Curtis*, 127 id., 542.)

The bequest to the defendant Chester, as trustee, to pay over the rents and income to the plaintiff for life, and after his death to pay one-half of said income to the defendant, his grandson, is legal and does not violate any statutory provision. Being lawful the intent of the testatrix should be carried out and effect given to such provisions of the will, if said lawful provisions can be separated from the parts of the will that are unlawful, without defeating what the testatrix might, under the circumstances, be presumed to wish. (See *Van Schuyver* v. *Mulford*, *ut supra*.)

The lawful provisions in the will so contained in the ninth clause, bequeathing to defendant Chester property upon the trust to pay over the income to plaintiff for life, are plainly separable from the subsequent unlawful provisions within the cases above cited. There seems to be no connection between said lawful bequest and the

unlawful provisions of the instrument.   As before stated, the will is the same as if, after the bequest for the benefit of her husband and grandson, testatrix had failed to devise or bequeath the residue and remainder of her estate.   The bequest for the benefit of the plaintiff being lawful, the intent of the testator should be carried out. (See *Manice* v. *Manice*, 43 N. Y., 384.)

This bequest being lawful and not inconsistent with other portions of the will, or with the presumed intentions of the testatrix, there seems no difficulty in giving it effect.   But it is claimed by plaintiff that the remainder of the estate of deceased, not being disposed of by the will after the life interest of the plaintiff, he became, from the death of the testatrix, seized of a one-third interest in the remainder *of the personal estate* left by deceased, and as to that part of the personal estate, being entitled to the income, and also the owner of the remainder as next of kin, he should receive the same divested of the trust.   There are certain cases cited by the plaintiff holding that where all the objects and purposes of the trust have been accomplished, the court can terminate it, all the parties beneficially interested desiring its termination.   (*Sears* v. *Choate*, 146 Mass., 398 ; *Inches* v. *Hill*, 106 id., 575.)

This is not such a case, however.   The intent of the testatrix was that defendant Chester, as trustee, should hold all the property described in the ninth clause of her will for the life of plaintiff, and pay over to him the rents and profits for that period.   It is an active trust.   Besides, the defendant Thomas Day Greer has an interest in the carrying out of the trust, and does not consent to the termination of the trust as to any part of the trust estate.   (*Asche* v. *Asche*, 113 N. Y., 232 ; S. C., 47 Hun, 285 ; S. C., 18 Abb. N. C., 82.)

The personal estate of the testatrix, being left, after the life interest of plaintiff therein has expired, undisposed of, probably on her death the husband acquired an interest in one-third of the same, subject to the trust.   As held in *Asche* v. *Asche* (113 N. Y., 232), by such acquisition the plaintiff acquired a future estate dependent upon the precedent estate of the trustee, which he cannot enjoy in possession.   He might devise it, but cannot possess an estate conditioned upon his own death.   It follows that the ninth clause, as far as it devises or bequeaths to the defendant Alden Chester the resi-

due of the estate of the testatrix, in trust, to manage and control, and pay the income to the plaintiff for the period of his natural life, should be deemed and held valid, and the intent of the testatrix, as therein stated, should be carried out. But the ninth clause, in addition, provides that the trust of one-half of the estate shall continue during the life of the defendant Thomas Day Greer, also. This is valid, as is shown in the opinion of Judge Learned.

The decree should be modified in accordance with these opinions. Costs of both parties on appeal to be paid out of estate.

Learned, P. J.:

The provision is "from and after the death of my said husband to pay one-half of the said balance of said interest, income, rents, issues and profits quarterly to my said grandson, Thomas Day Greer, during the term of his natural life." This devise and bequest in trust is valid, as it does not extend beyond two lives in being.

The further clause, "and the other one-half thereof to be added to the principal of my estate," is invalid. So it is conceded are the bequests and devises after the death of the husband and grandson to certain societies.

Assuming, then, that as to the one-half of the estate after the trust life estate for the husband, and as to the other half after the trust life estate of the grandson the testatrix was intestate, the grandson would take this undisposed of property as heir-at-law and next of kin, excepting such personal as went to the husband. But I see no reason why this inheritance and succession should affect the valid trust estate for his life. Suppose, as might be the case, that he were not the only next of kin and heir-at-law, would not the trust for his life remain undisturbed notwithstanding the failure of these other provisions?

The testatrix contemplated giving to a trustee an estate for life in one-half of her property for Thomas Day Greer. This estate went to the trustee. Thomas Day Greer had no estate therein, legal or equitable. (1 R S., 729, § 60.) Why, then, should the failure of the intentions of the testatrix in other respects defeat this provision? She may have thought it best to protect the grandson as to the income of half of the estate against loss or improvidence. We need not defeat that intention because he inherits and succeeds to property which she had intended should go elsewhere.

There is nothing inconsistent in the fact that the trustee should have an estate in trust for the life of the beneficiary Thomas Day Greer, and that the beneficiary should have the remainder in fee. There is no merger. (1 R. S., m. p. 727, §§ 47, 48. He is not the owner of a particular estate as mentioned in 1 Revised Statutes, 732 (§ 81). He can dispose of the remainder in the half of the estate in which he has a beneficial interest, subject to the trust. (1 R. S., 729, § 61.)

But, notwithstanding this, the object of the testatrix (as we may suppose), viz., to secure the income to the grandson for life, against the risks of business or improvidence, should be carried out. (1 R. S., 730, § 63.)

When a valid devise in trust is plainly given and can be carried into effect, although other parts of the will fail, we should not endeavor to ascertain what the testatrix might have done if she had known that these other parts of the will were invalid. So far as her will is valid it should be performed. In that way we shall come nearer to giving her wishes effect.

I think, therefore, that the judgment should be modified by declaring the two trusts above mentioned to be valid, and that, subject to these two trust estates in the trustee, the property of the deceased went to her heir-at-law and next of kin and husband, according to the laws of descent and distribution.

MAYHAM, J., concurred.

Decree modified according to opinion; costs of appellant to be paid out of the estate; order to be settled by PUTNAM, J.