In the Matter of the Application of CHARLOTTE SHEPHERD.

In the Matter of the Application of CHARLOTTE E. CONNAL.

In the Matter of the Application of EDA L. COMINGS.

*(Surrogate's Court, Monroe County, Filed March 8, 1893.)*

TRUSTS—EXTINGUISHMENT OF.

A valid, active trust to continue during the lives of the beneficiaries named cannot be extinguished by the union in the same person of the right to the income for life and the right to the principal after the death of the beneficiary, viz.: where the beneficiary has purchased the interest of the remainderman.

Applications by each of the above named petitioners to have a fund held for her benefit by a trustee of the estate of Temperance S. Lewis, deceased, paid over to her as the owner thereof.

W. A. Sutherland, for petitioners; Wm. N. Cogswell, for trustee.

ADLINGTON, S.—The will of Temperance S. Lewis was admitted to probate in this county in 1878. It contained the following provisions, viz.: "I give and bequeath unto my sister, Charlotte Shepherd, the use and income of thirty (30) shares in the Western Union Telegraph Company for and during her natural lifetime, and after her death I give and bequeath the above mentioned stock to the Board of Foreign Missions of the Presbyterian Church in the United States of America, incorporated by the legislature of the State of New York.

"I give and bequeath unto my niece, Charlotte E. Shepherd, the use and income of ten (10) shares of stock in the Western Union Telegraph Company, for and during her natural life, and after her death I give and bequeath the same to the Board of Home Missions of the Presbyterian Church in the United States of America, incorporated by the legislature of the State of New York.

"I give and bequeath unto Eda L. Shepherd the use and income of twenty (20) shares of stock of the Western Union Telegraph Company, for and during her natural life, and after her death I give and bequeath the same to the Board of Home Missions of the Presbyterian Church, incorporated by the legislature of the State of New York.

"Lastly, I appoint my friend, Edwin S. Hayward, of the city of Rochester, Monroe County, executor and trustee of this my last will and testament, * * * and I hereby empower him, if he should deem it for the interest and benefit of the estate or legatees, to sell and convey the same or any portion thereof, always securing the proceeds for the benefit of and purpose hereinbefore mentioned."

The executor qualified, set apart the bequests of stocks as directed in the foregoing bequests, and after a time sold the same under the authority given him by the will.

He invested the proceeds and paid over the income to the respective beneficiaries until he was removed from office, when he paid over said funds to his successor in office, The Rochester Trust & Safe Deposit Company.

Each beneficiary for life, mentioned in the foregoing bequests, alleges in these proceedings that she has purchased the interest of the Board of Missions in the principal fund and its title thereto, and asks to have the money paid over to her as the owner thereof, divested of the trust. The legal question is the same in each case, and the applications will be considered together.

It is plain that the testator intended by these bequests to secure to the persons named a regular income for life, instead of giving them a gross sum absolutely, and that her intention will be defeated if these applications can be granted.

By the provisions of the will already quoted, there were created valid, active trusts to continue during the several lives of the beneficiaries named. Ward v. Ward, 105 N. Y. 68, 6 St. Rep. 798; Marx v. McGlynn, 88 N. Y. 358-375. And the legal question raised by these proceedings is whether such a trust

can be extinguished by the union in the same person of the right to the income for life and of the right to the principal after the death of the life beneficiary. In valid testamentary trusts of personal property like these there are three estates or interests, viz.:

1. That of the person to whom the income is bequeathed for life;

2. That of the person to whom the principal is given after the death of the *cestui que trust.*

3. That of the trustee, which involves the right to the custody and legal title to the trust property during the life of the *cestui que trust,* and also the duty of keeping the same safely invested, paying over the income regularly, and the principal upon the death of the life beneficiary, after deducting commissions.

The union of any two of these interests in one person ought not, upon principle, to extinguish the third; and the point seems to have been decided adversely to the petitioners, both by the General Term of the Supreme Court and by the Court of Appeals.

In Greer v. Chester, 62 Hun, 329, 42 St. Rep. 289, the testator, by the residuary clause of her will, created a trust to pay the income, rents and profits of her entire estate to her husband for life, and after his death to pay one-half of such income, rents and profits to her grandson during his life, with a direction to accumulate the other half during said grandson's life, at the termination of which there was a gift over of the entire estate with the accumulations to charitable corporations.

This residuary clause was declared invalid, and decedent intestate, except as to the trusts to pay over income during the lives of the husband and grandson. They were the only persons entitled to take the decedent's personal estate under the statute of distributions, and by reason of her intestacy become the owners of their respective shares thereof, and claimed that they should be put into possession of the property as such owners, divested of the trusts.

It was held, however, that they only took their distributive

shares subject to the trust, and that they were not entitled to the possession of an estate conditioned upon their own deaths.

Notwithstanding the union in them of the right to the income for life and the title to the principal after their deaths, the court says that the object of the testator  *  *  *  to secure the income to the beneficiaries for life against the risks of business or improvidence should be carried out.

In Asche v. Asche, 113 N. Y. 232, 22 St. Rep. 799, the will converted all the testator's property into personalty, and gave it all to the executors in trust to pay the income, with the exception of an annuity to his mother, to his wife for life, with remainder over to his two children, who survived him. One of the children, a daughter, died intestate after the death of the testator. The widow became, on the death of this child, the owner as next of kin of said child of one-half of her estate, and claimed, therefore, to be entitled to have that much of the daughter's part of the estate of the husband turned over to her in possession.

The court says: "It is quite clear that the widow's interest in the trust estate did not merge into the legal estate which she acquired by the death of her daughter.

"In equity the union of legal and equitable estates in the same person does not effect a merger unless such was the intention of the parties, and justice and equity require it.  *  *  * There could be no merger because of the existence of a valid trust with the right in the trustees to the possession of the trust fund for the purposes of management and control during the life of its beneficiary. The trust must exist so long as the widow lives, and during her life there could be no merger. She has no estate in the subject of the trust; she had an interest in it as beneficiary, but it was essential to the existence of that interest that the trust estate should be maintained."

If these trusts had been of real estate to receive the rents and profits and apply them to the use of these petitioners for life, with remainder over, the trusts would have been indestructible,

12

and the interest of the life tenants inalienable, under our statutes, during the continuance of their several lives. Genet v. Hunt; 113 N. Y. 168, 22 St. Rep. 774; Douglas v. Cruger, 80 N. Y. 15-19; Lent v. Howard, 89 id. 181. And the courts have extended the same rule by analogy to the trusts of personal property. Genet v. Hunt, 113 N. Y. 168, 22 St. Rep. 774; Graff v. Bonnett, 31 N. Y. 13.

I think the applications must be denied. Orders to that effect may be entered on two days' notice.