MARTIN MAHONEY, Appellant, *v.* JULIA A. MAHONEY, Respondent.

*Action brought to restore the lien of a judgment — place of trial — local action.*

An action brought to restore the lien of a judgment upon real estate, which had been lost through its merger in the fee resulting from an assignment of the judgment to the owner of the land, is a local action within section 982 of the Code of Civil Procedure, and must by force of that section be tried in the county in which the land is situated

APPEAL by the plaintiff, Martin Mahoney, from an order of the Supreme Court made at the Monroe Special Term on the 27th day of December, 1892, and entered in the office of the clerk of Monroe county, changing the place of the trial of the action from the county of Monroe to the county of Oneida.

The action was brought to set aside and cancel an assignment of a judgment made by the plaintiff to the defendant, and to restore the lien of the judgment upon certain real estate owned by the defendant.

*Q. Van Voorhis*, for the appellant.

*Timothy Curtiss*, for the respondent.

LEWIS, J.:

On the 23d day of July, 1887, the plaintiff recovered a judgment against one Morris J. Mahoney for $485.75. Morris was at the time of the recovery of the judgment, the owner of a house and lot in the city of Rome, Oneida county, in this State. The judgment became a lien thereon, and this was all the real estate then owned by Mahoney. While the judgment was a lien upon said premises, Morris conveyed them to the defendant, Julia A. Mahoney, his wife. Thereafter, and on the 6th day of January, 1888, the plaintiff assigned the judgment to the defendant without receiving any consideration therefor. He was induced to make the assignment by the fraud and undue influence of the defendant and her husband. The defendant is still the owner of said real estate. Morris has died since the recovery of the judgment. The relief demanded in the complaint is that said assignment of the judgment be canceled and set aside, and that the defendant be restrained pending the action from discharging said

judgment or transferring or otherwise disposing of the said assign: ment, and that any discharge of the said judgment executed by the defendant or any other person be canceled and set aside and that the lien of the plaintiff's said judgment upon the real estate owned by the said Morris J. Mahoney and conveyed as aforesaid to the defendant be restored. The county of Monroe was designated in the complaint as the place for the trial of the action. The defendant duly demanded and required that the action be tried in Oneida county, on the ground that the real estate upon which the plaintiff seeks to have the lien of the judgment reinstated and restored is situated in that county. An order was granted changing the place of trial from Monroe to Oneida, and from that order an appeal was taken to this court. The defendant being at the time of the assignment of the judgment to her the owner in fee of the real estate on which it was a lien, the judgment was merged in the greater estate and ceased to be a lien. (*Asche* v. *Asche*, 113 N. Y. 232.)

Plaintiff seeks the judgment of the court vacating and setting aside the assignment and adjudging that the lien of the judgment, notwithstanding its merger in the greater estate, be restored and again made a lien upon the land.

Section 982 of the Code of Civil Procedure provides that an " action to recover or to procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real," must be tried in the county in which the subject of the action is situated.

The main purpose of this action is to obtain a judgment restoring the lien of a judgment upon land owned by the defendant, and which had ceased to be a lien thereon. The action, therefore, directly affects a right or lien on the land. The cases of *The Yates County National Bank* v. *Blake* (43 Hun, 162) and *Knickerbocker L. Ins. Co.* v. *Clark* (22 id. 506), relied upon by the appellant, are not authority to the contrary. The first case was an action by a junior mortgagee to compel the assignment to him of a prior mortgage upon the same premises upon which his mortgage was a lien, upon the payment by him of the amount secured by said first mortgage. The court held that the lien of the mortgage was not sought to be affected; that in the hands of the plaintiff, it would remain the

same lien and for the same amount, and the action was not, therefore, local.

The case in 22 Hun (*supra*) was brought in the county of New York, to restrain the defendant, who had in his possession a satisfaction piece of a judgment against one Nelson, from delivering the same to Nelson. Nelson owned real estate in Ulster county. The defendant, upon an affidavit showing that Nelson had disposed of the Ulster county property and owned land in Kings county, asked to have the place of trial changed to Kings county, under section 982 of the Code. The motion was denied upon the ground that the recovery of the judgment would not affect a right or lien upon real property. The subject of the litigation was simply the right to the possession of the satisfaction piece. If the plaintiff secured the relief he sought, the lien of the judgment would not in any manner have been affected thereby. The court below correctly held this to be a local action.

The order appealed from should be affirmed, with ten dollars costs and disbursements of the appeal.

DWIGHT, P. J., MACOMBER and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.