HARRIET A. RAYMOND, DORA S. RAPPLEYEA, and IRA JUNE LOTZAR, Plaintiffs, *v.* ROCHESTER TRUST AND SAFE DEPOSIT COMPANY, as Administrator, with the Will Annexed, of HENRY B. RAYMOND, Deceased, Defendant.

*Trust imposed upon an executor — estate for life or widowhood — the union of the interest of life tenant and remaindermen in the widow does not terminate the trust.*

A will, after giving to the testator's wife the use of all his property during her life or widowhood, accompanied with a direction for the maintenance of the testator's father, and giving the remainder, on the death or remarriage of the wife, to the testator's children, provided as follows: "I authorize my executors, hereinafter named, out of any moneys which may come into their hands, to pay any and all taxes, interest or payments on incumbrances on my real estate, which in their discretion may be necessary and proper ; and I further authorize and empower my said executors to sell and dispose of any and all of my real estate, and give good and sufficient deeds of conveyance therefor."

*Held,* on the submission of a controversy for the construction of the will, that the person finally charged with the execution of the will, though not in terms denominated a trustee by the will, was yet manifestly charged thereby with a, trust in respect to the personal estate which could not be divested or extinguished during the life or widowhood of the testator's widow, and which required the person charged with the trust to retain possession of the *corpus* of the personal estate during the continuance of the trust.

Such a trust is not terminated or extinguished by the union of the interests of the life tenant and remaindermen in one person.

SUBMISSION of a controversy, without action, upon an agreed statement of facts under section 1279 of the Code of Civil Procedure.

The question to be submitted to the court arose under the will of Henry B. Raymond and was as follows : Under the provisions of said will, is there an existing trust as to the personal property in the hands of the defendant as such administrator with the will annexed, which cannot be divested and extinguished during the lifetime or widowhood of the plaintiff, Harriet A. Raymond ?

*W. H. Shuart*, for the plaintiffs.

*W. N. Cogswell*, for the defendant.

DWIGHT, P. J. :

The controversy here submitted relates to the construction of the. will of the defendant's testator, of which the following is the text complete, viz. :

" I, Henry B. Raymond, of the city of Rochester, Monroe county, N. Y., do make, publish and declare this my last will and testament as follows, to wit:

"*First*. After all my lawful debts and funeral expenses are paid I give, devise and bequeath to my wife, Hattie A. Raymond, the use of all my real and personal property, including all life insurance moneys, during the term of her natural life, or so long as she shall remain my widow, charging and directing, however, that my said wife give and furnish to my father, Alexander B. Raymond, a good and comfortable support and maintenance during his natural life.

" *Second*. After the death or remarriage of my said wife I give, devise and bequeath the rest, residue and remainder of my property to my children, Frank H. Raymond and Dora S. Rappleyea, forever, share and share alike.

"*Third*. I authorize my executors, hereinafter named, out of any moneys which may come into their hands, to pay any and all taxes, interest or payments on incumbrances on my real estate, which in their discretion may be necessary and proper, and I further authorize and empower my said executors to sell and dispose of any and all of my real estate, and give good and sufficient deeds of conveyance therefor.

" I hereby constitute and appoint my said wife, Hattie A. Raymond, and John C. Bertholf of the city of Rochester, Monroe county, N. Y., as the executors of this my last will and testament, revoking hereby all former wills by me made.

" In witness whereof I have hereunto set my hand and affixed my seal this 23rd day of February, 1891.

" (Signed)          HENRY B. RAYMOND.  [L. s.] "

The specific question submitted is whether this will, by its third clause, creates a trust as to personal property which cannot be divested or extinguished during the lifetime or widowhood of the widow, the plaintiff Harriet A. Raymond.

Letters testamentary were originally granted to John C. Bertholf, above named, as one of the executors of the will, but they were subsequently revoked and letters of administration with the will annexed were issued to the defendant.

The controversy arises under the following circumstances: The devisee and legatee in remainder, Frank H. Raymond, has sold all

his interest in the estate, real and personal, to the plaintiff Lotzar, and the latter, with the other legatee and devisee in remainder, Mrs. Rappleyea, have agreed to sell all their interest in the estate to the widow, and she has agreed to purchase the same at a fixed price, provided the defendant, as administrator, etc., will account and pay over to her, as the assignee of the other two plaintiffs, absolutely, all the balance of personal property remaining in its hands.. This the defendant, as such administrator, declines to do before it shall have been judicially determined whether there is not an existing trust under the will which cannot be divested or extinguished during the life or widowhood of the plaintiff, Mrs. Raymond, and it unites in the present submission to obtain the determination mentioned.

The action of the defendant was prudent, and its contention here we believe to be well founded. The defendant, as successor or substitute for the executors named in the will, though not in terms denominated a trustee by the will, was yet manifestly charged with a trust in respect to the personal estate. (*Ward* v. *Ward*, 105 N. Y. 68, and the cases cited; *Marx* v. *McGlynn*, 88 id. 358–375.) In this case the trust was not merely to invest the moneys of the estate and collect the income thereof and pay it to the widow during the term limited by the will, but also, in their discretion, to apply such moneys for the benefit of the real estate, not only in the payment of taxes and assessments, but in the reduction of existing incumbrances thereon. These incidents certainly rendered the possession of the *corpus* of the estate by the executors " convenient and reasonably necessary," and, as was said in *Ward* v. *Ward* (*supra*), rendered them ." trustees for the performance of their duties to the same extent as though declared to be so by the most explicit language."

Such a trust, being created and devolved upon the person or persons finally charged with the execution of the will, it seems to be settled by authority, as well as consonant with the reason of the case, that it will not be terminated or extinguished by the union of the interests of the life tenant and the remaindermen in one person. Such is the clear doctrine of the cases of *Greer* v. *Chester* (62 Hun, 329; affd., 131 N. Y. 629), and *Asche* v. *Asche* (113 id. 232), and both the rule and the reason of it are well stated in the opinion of ADLINGTON, surrogate, in *The Matter of Lewis* (3 Misc. Rep. 164).

In the first of the cases cited it resulted from the declared invalidity of certain provisions of the will, that the beneficial interest in a trust for life and the estate in remainder in the same fund became at once united in the same person. The court at General Term, in the third department, say : " There is nothing inconsistent in the fact that the trustee should have an estate in trust for the life of the beneficiary * * * and that the beneficiary should have the remainder in fee. * * * He can dispose of the remainder in the half of the estate in which he has a beneficial interest subject to the trust. (1 R. S. 729, § 61). But, notwithstanding this, the object of the testatrix (as we may suppose), viz., to secure the income to the grandson for life against the risks of business or improvidence, should be carried out." And in *Asche* v. *Asche,* the widow, as in this case, was the beneficiary of the trust for her life, and the remaindermen were her own two children, and it was argued that upon the death of both children the widow, as their heir, and at the same time the sole beneficiary of the trust, would become entitled to the immediate possession and control of the trust fund. But the court say : " We do not think so. The object of the creation of the trust estate would not then have been accomplished. The intention of the testator to put the *corpus* of the fund beyond the hazard of impairment and waste during the life of his wife, cannot be defeated or affected by the acquisition by her of the estates in remainder created by the will."

This statement discloses an apparently sufficient reason for the rule previously stated, and it is applicable, in terms, to the case before us.

The question propounded by this submission must be answered in the affirmative, and judgment accordingly directed in favor of the defendant.

LEWIS and HAIGHT, JJ., concurred.

Judgment on the submission ordered for the defendant, with costs payable out of the fund.