In the matter of the estate of Charles H. Johnson, deceased. Proceedings on judicial settlement of executor's accounts. Decree rendered.

Henry E. Heistad, for accounting executrices.
Howard L. Campion, special guardian of Helene Johnson.

CHURCH, S.   The executors present their accounts for judicial settlement.   The most important question arising upon such settlement is the contention of the widow of the deceased that the will of the deceased was not inconsistent with her claim for dower against such estate, and that therefore she is entitled to take not only the gifts made to her by such will, but also is entitled to enforce her dower right in the remaining property left by the deceased.   In the account she has submitted an election to take her right of dower, rather than the provisions made in the will, but this paper she now repudiates.   She bases her contention solely upon the ground that she is entitled to both dower and the provision made for her under the will.   The will in question is very simple.   The deceased, after providing for the payment of his debts and also charging such debts against a certain life insurance policy coming to his estate, gives the entire household furniture and contents of his residence to his wife.   The entire residue of his estate he gives to his executor, in trust to pay the income thereof to his wife during her life, or so long as she remains his widow, and upon the happening of either contingency to pay the same to his daughter to own absolutely.

The right of the wife to dower in the lands owned by the deceased during coverture is absolute; and no provisions in the will for the benefit of the widow will be deemed to be taken in lieu of dower, unless there is an express declaration to that effect contained in the will, or the general scheme under which the will is drafted is so inconsistent with the claim of dower that it is apparent the intention of the deceased was to give the same to the widow in lieu of such dower, and therefore to compel her to elect which she would take.   The courts will endeavor to sustain a claim of dower rather than to assume that any provision was intended in lieu thereof.   It has been held, therefore, that, although a devise to a widow for life of all the testator's real and personal property would seem upon a superficial view to be inconsistent with the right of dower, it is not necessarily so, as her claim as dowress extends to all of the lands of which he was seised and is not subject to his debts or any personal liens which he may have placed thereon, and therefore such a provision might be very much less than the dower to which she was entitled.   Lewis v. Smith, 9 N. Y. 502, 61 Am. Dec. 706.   It has also been held that, where the deceased directed his executors to dispose of his estate and divide the proceeds equally between his wife and children, share and share alike, such a provision was simply a power in trust, and would not be held to be inconsistent with a claim for dower, and therefore the widow was not put to her election. Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, 58 Am. Rep. 494. It was also held that dower should always be allowed, unless permitting the widow to claim both the dower and the provision would interfere with and prevent from operating the scheme of the testator as outlined by the will.

In this case the testator did not attempt to give the property to his wife for life, nor did he give her a portion of the same, which he might very well do, and leave her to assert her dower in the rest.   On the contrary, he created a trust of his entire estate (after paying his debts) for the benefit of his wife, so long as she remained his widow.   It was

evidently his theory that, so long as she remained his widow, he desired her to have the entire income of his estate, and relied upon her making suitable provision therefrom for the support and maintenance of their child, but that, upon her remarriage, as her second husband would be compelled to support her and yet would naturally be somewhat antagonistic to the interests of her child, then he desired such child to have the benefit of the entire estate left by him. This scheme is, in my judgment, manifestly inconsistent with the widow's right of dower; and the testator evidently considered that she would take the same as being more to her advantage than asserting such right of dower. A very similar case is that of Savage v. Burnham, 17 N. Y. 561. In the case of Asche v. Asche, 113 N. Y. 232, 21 N. E. 70, where a complete trust was created, although the trust was not simply for the benefit of the widow during her widowhood, it was held that the creation of such trust would give to the trustees all the necessary power of sale and other authority to make the same valid and effectual, and was manifestly inconsistent with the existence of the widow's right of dower. Matter of Gorden, 172 N. Y. 25, 64 N. E. 753, 92 Am. St. Rep. 689.

The widow, therefore, was put to her election to decide whether she would take the provision made for her or assert her dower right. While the courts do no require that this election shold be made immediately, and she is given a reasonable time to act thereupon, yet, when it is apparent from her general conduct that she has accepted either the one or the other, she will be strictly held to the same. Naturally, at this time, when she has by her own act cut herself off from the provisions for her benefit in the will, she is desirous of enforcing her right of dower; and her conduct now cannot be regarded as a criterion to determine whether she has elected or not. Viewing her conduct during the period preceding her remarriage, it seems to me that she has clearly made an election to accept the provisions made by the testator. She was made one of the trustees. Under the cases last quoted, therefore, she is presumed to know that such a trust was inconsistent with the right of dower, and she could have repudiated the same and had such dower admeasured. It appears, however, that she has taken the income from the entire estate and used it for her benefit, under the provisions of the will, and her account does not attempt to suggest that she was only claiming her dower right and that the balance of the income, therefore, was the property of her daughter. It follows therefrom that the trustees should turn over the entire estate in their possession to the guardian of the infant daughter of the testator.

Passing to the question of the accounts presented by the executrices, we find in Schedule C thereof a number of items expended in behalf of a certain horse which was left by the testator. The total of these amounts is the sum of $234.28. It was the duty of the executrices to sell the horse as speedily as they could do so without taking a ruinous offer for the same. But, as it appears by Schedule A that such horse was only appraised at the sum of $100, upon no theory can the expenditure of over $200 to maintain him be justified. It is apparent that the widow kept this horse for her personal use and convenience, and therefore she should bear these expenditures in connection with the same. By Schedule E of the accounts there is inserted a claim that

$1,260 has been expended for the support and maintenance of the child of the testator. There is no possible theory under the will or anything else which will justify the payment of this money. The entire estate was given in trust, and the trustees had no right to diminish the corpus of the same by a penny. The widow received the entire income of the estate for the purpose of her own support and that of her daughter, and she cannot now, at the cessation of the trust, try to procure from such estate money for the support of her daughter during the existence of such trust.

Let findings and a decree in accordance with the form of this decision be presented.

Decreed accordingly.