Where a will bequeathed a weekly sum to testatrix's husband for life, with remainder to her children, and gave the executors discretionary power to sell any of the realty, but gave them no further direction in respect thereto and made no direction to do anything with the personal assets beyond the ordinary conduct of the administration, the creation of a trust could not be implied from it terms; a trust being implied from the terms of a will only when the duties imposed upon persons named are such that the performance renders their possession of the estate convenient and reasonably necessary.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1579–1581; Dec. Dig. § 672.*]

2. TRUSTS (§ 156*)—EXECUTORS AS TRUSTEES—WILLS.

Where the duties imposed by a will are active and render the possession of the estate convenient and reasonably necessary, the executors will be deemed trustees for the performance of their duties, to the same extent as though declared to be so by the most explicit language.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 201, 202; Dec. Dig. § 156.*]

3. EXECUTORS AND ADMINISTRATORS (§ 147*)—CONVERSION OF REALTY INTO PERSONALTY—RIGHT TO PROCEEDS.

Where a will gave the executors discretionary power to sell realty, and there was an actual conversion into personalty of certain of the realty, a residuary devisee who died subsequent to such conversion died possessed of an interest in such personalty; and hence such interest passed by his will.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 591–594; Dec. Dig. § 147.*]

Proceedings upon the judicial settlement of the account of Joseph Fritsch, executor, etc.　Decreed according to opinion.

Nicholas Dietz, of Brooklyn, for accountant.

Daniel L. Donovan, of Brooklyn (William S. Butler, of Brooklyn, of counsel), for William S. Butler, as executor of Katherine E. Fritsch, deceased, and for Dorothy C. Fritsch.

George R. Holahan, Jr., of Brooklyn, special guardian for Karl Otto Fritsch and Joseph F. Fritsch.

Arthur L. Hurley, of Brooklyn, special guardian for Emily Fritsch.

KETCHAM, S.　[1] This account is made under a will which is in part as follows:

"First. After my lawful debts are paid I give, devise and bequeath unto my beloved husband Joseph Fritsch the bakery and baking business at No. 548 Fourth avenue, in the borough of Brooklyn, N. Y., and I also give, devise and bequeath unto my said husband the weekly sum of twelve dollars as long as he lives and after his death it is to cease, such weekly sum to begin after my death.

"Second. All the rest, residue and remainder of my estate, real and personal, wheresoever the same is or may be and whatsoever the same shall consist of unto my four children, namely Katherine E. Fritsch, Emily C. Fritsch, Karl Otto Fritsch and Joseph F. Fritsch, share and share alike.　Should

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

either of the said children die then his or her share to go to the survivor or survivors, but said children shall only have the interest of their share or shares until they are twenty-one years of age, and they then shall receive the share or shares due them.

"Third. I give my executors hereinafter named or those qualifying full power and authority at their discretion and when to the best advantage of my estate to sell and dispose of my real estate and give good and sufficient deed or deeds therefor, but if possible not to sell the same or any of my real estate until my youngest child is 21 years of age.

"I hereby appoint my husband Joseph Fritsch and my friend John C. Kinkel, to be executors of this my last will and testament."

There is nothing in this will from which a trust can be implied. There is no direction that the executors shall have anything to do with the real estate except to sell the same; nor is there any direction that they shall do anything with the personal assets beyond the ordinary conduct of the administration.

In all the cases where a trust has been implied there were duties imposed upon persons named, the performance of which rendered "the possession by them of the estate convenient and reasonably necessary." Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971; Ward v. Ward, 105 N. Y. 68, 11 N. E. 373; Morse v. Morse, 85 N. Y. 53; Tobias v. Ketchum, 32 N. Y. 319; Jewett v. Schmidt, 83 App. Div. 276, 82 N. Y. Supp. 49; Raymond v. Rochester Trust & Safe Deposit Co., 75 Hun, 239, 27 N. Y. Supp. 1; United States Trust Co. v. Maresi, 33 Misc. Rep. 539, 68 N. Y. Supp. 918; Tallman v. Tallman, 3 Misc. Rep. 465, 23 N. Y. Supp. 734.

[2] The rule derived from all of these cases, in its simplest statement, is that:

When the "duties imposed are active and render the possession of the estate convenient and reasonably necessary, the executors will be deemed trustees for the performance of their duties, to the same extent as though declared to be so by the most explicit language."

For this declaration, see Ward v. Ward, supra.

The provision for the weekly payment to the husband is but a legacy or series of legacies in no respect differing from the ordinary gift of money, except with regard to the time of payment. As to this provision, the only duty of the executor is to arrange for its fulfillment so far as the personal estate shall serve, or, under the power of sale, to apply thereto the proceeds of any property sold.

[3] One of the residuary legatees has died since the testator, leaving a will made by him when he was between the ages of 18 and 21 years. It is claimed in his behalf that an equitable conversion of the land resulted from the power of sale, and that the will of the deceased devisee, since it was valid as to personalty, carries his interest in the lands which were subject to the power.

One piece only of the real estate of which the textatrix died seised has been sold, and this was sold before the death of the legatee last referred to.

There is in this will no imperative power of sale, and therefore no equitable conversion of the lands. There was an actual conversion into personalty of the land which was sold. The deceased residuary

devisee therefore died possessed of an interest in the proceeds of this sale as personalty and such interest passes by his will.

It cannot be said that upon his death his share went to his "survivors," since the provision in the will with respect to the children named as residuary legatees must, in the absence of qualification, be referred to a death contemplated as taking place in the lifetime of the testatrix.

The account should be reformed so as to exclude therefrom all items with respect to any real estate except the house which was sold.

Decreed accordingly.