lished domicile of origin and choice. A domicile, once acquired and demonstrated, is always presumed to continue, in the absence of positive proof to the contrary. There is here no adequate proof to the contrary. Mere absence from home is not sufficient proof of a change of domicile. There is no evidence of any kind on the part of Mr. Kane that he had exchanged his domicile of origin and choice.

I therefore find from the evidence that Mr. Kane's last domicile was in Rhode Island, and not in this state. Settle order on notice, remitting the report to the appraiser for further proceedings pursuant to this judgment.

---

### In re FOSTER'S ESTATE.

(Surrogate's Court, New York County. January 14, 1916.)

WILLS ⬤═782—CONSTRUCTION—EXCLUSION OF DOWER.

     Where testator gave his wife a life estate in all his real estate, after the payment of taxes, insurance and repairs, and authorized his executors and trustees to mortgage the real estate in certain contingencies, such control over the realty was inconsistent with the right of the widow to one-third of it during her life, so that she was not entitled to dower in addition to the provision made by the will.

     [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. ⬤═782.]

In the matter of the estate of John S. Foster. From an order entered upon the report of the transfer tax appraiser, refusing to deduct the value of the widow's dower from the assets of the estate, the executors appeal. Order affirmed.

Hardy, Stancliffe & Whitaker, of New York City (Noah A. Stancliffe, of New York City, of counsel), for appellants.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton and Alexander Otis, both of New York City, on the brief and of counsel), for State Comptroller.

FOWLER, S. The executors of decedent's estate contend that his widow is entitled to dower in addition to the provisions contained in the will for her benefit. The transfer tax appraiser refused to deduct the value of the widow's dower from the assets of the estate, and the executors have appealed from the order entered upon his report.

The decedent gave his wife a life estate in all his real estate, after the payment of taxes, insurance, and repairs. His executors and trustees were also authorized to mortgage the real estate in certain contingencies. The courts have held that when a testator gives all his real estate in trust, and the trustee has power to insure the property, to make repairs, or to mortgage it, such control over the real estate is inconsistent with the right of the widow to one-third of it during her life. Asche v. Asche, 113 N. Y. 232, 21 N. E. 70; Matter of Gordon, 172 N. Y. 28, 64 N. E. 753, 92 Am. St. Rep. 689. I have had occasion in a recent case (Matter of Gale, 83 Misc. Rep. 687, 145 N. Y. Supp. 301) to examine this question at some length, and the

reasons given for my conclusion in that case apply with equal force to the matter now under consideration. I will therefore hold that the widow is not entitled to dower in addition to the provision made for her in the will of the testator.

Order fixing tax affirmed.