GEORGE H. DUNBAR *vs.* WILLIAM T. SOULE.

Bristol. Oct. 30, 1879. — Sept. 13, 1880. COLT & AMES, JJ., absent.

A testator bequeathed a sum of money in trust for the establishment of a school in a city, and appointed certain persons named and the "mayor of the city" a board of trustees to carry into effect the provisions of the will. A codicil provided that the fund was to be paid over to the city for educational purposes, if two thirds of the trustees should be of opinion that they could not administer it as the testator intended. *Held*, that, while the trustees held the fund, the city took no interest in it; and that the person who was the "mayor of the city" at the time of the testator's death, and not the mayor at the time the trustees were appointed, was entitled to be appointed a trustee.

APPEAL by William T. Soule from a decree of the Probate Court, appointing George H. Dunbar one of the trustees under the will of William W. Swain. The record showed the following facts:

The testator, by his will, which was duly proved and allowed on November 5, 1858, gave a certain estate in trust for the establishment of a free school in New Bedford for girls ten years of age and upwards, and appointed ten persons by name "and the mayor of the city" a board of trustees to carry into effect the provisions of the will in relation to the proposed school. By a codicil, executed a year after the will, the testator provided that the fund was to be paid over to the city for educational purposes, if two thirds of the trustees should be of opinion that they could not administer it as the testator intended. Five of the persons named as trustees have since died; and one declined the trust. On January 23, 1879, the four remaining persons named presented a petition to the Probate Court, setting forth the above facts, and praying that

they might be appointed such trustees. On February 4, 1879, George H. Dunbar, presented a petition, representing that he was the "mayor of the city" of New Bedford at the time of the testator's death, and praying that he might be appointed one of the trustees. On the same day, William T. Soule, presented a petition, representing that, at the date thereof, he was the "mayor of the city" of New Bedford, and praying that he might be appointed one of the trustees. On March 4, 1879, the Probate Court appointed the four petitioners named in the will and Dunbar such trustees; and Soule appealed from the decree, filing the following reason of appeal: "Because by the true intent and meaning of said will the 'mayor of the city' therein named is the mayor ex officio, or in his official capacity."

Hearing before *Lord*, J., who affirmed the decree of the Probate Court; and the appellant appealed to the full court.

*F. A. Milliken*, for the appellant.

*C. W. Clifford*, for the appellee.

ENDICOTT, J. There is nothing in this will to indicate that the testator intended that the city of New Bedford should take any interest in the fund given to the trustees for the establishment of a school; or that the city, in its corporate capacity, should have any control or direction in its management. The provisions in the codicil, executed a year after the will, authorizing the fund to be paid over to the city for educational purposes, if two thirds of the trustees should be of opinion that they could not administer it as the testator intended, does not in any way change the character of the trust, or the duties of the trustees while they hold it.

Nor is there anything to indicate that the "mayor of the city," who is named one of the trustees, was to execute the trust conferred upon him in his official capacity; or that the testator intended that he should bear a different relation to the board of trustees from that of his co-trustees, or that his rights, duties or tenure of office should differ from theirs. It is the common case of a gift to a person by an official designation, which leaves no doubt as to his identity. A devise or legacy need not be to a person by name in order to render it valid and certain; it is sufficient if it may be made certain, as where a

gift is to the eldest son of A. So a gift in trust to the Chancellor of the State of New York, the mayor and recorder of the City of New York, and several other persons by their official description only, was held to be a good devise in fee to the persons holding those offices; although the devise, after naming the Chancellor and the other officials, contained this clause, "for the time being and their respective successors in said offices forever." *Inglis* v. *Sailor's Snug Harbor*, 3 Pet. 99. Mr. Justice Story differed from the conclusion of the majority of the court, and was of opinion that, from the language used by the testator, it appeared that he intended a devise to them, as officers during their continuance in office, and to their successors in office forever; but he concurred with the majority in the general proposition, that the Chancellor, mayor, recorder and other officers might take as individuals, if such was clearly the intention of the testator.

In this case, there are no words added to the mere official designation. The person who was the mayor of the city of New Bedford at the death of the testator was, therefore, entitled to be appointed trustee. *Decree affirmed, with costs.*