In the Matter of the Accounting of THOMAS STURGIS, as Surviving Trustee of CATHARINE STURGIS, Deceased.

EBEN B. CROCKER et al., Selectmen of the Town of Barnstable, Massachusetts, Appellants; JAMES McKEEN et al., as Executors of ESTHER FRANCES STURGIS, Deceased, Respondents.

WILL — TRUST FOR POOR PERSONS OF PARISH — COMPETENCY OF TRUSTEES. A bequest in trust "to the Selectmen, or other municipal authorities of the East Parish of my native town Barnstable, in the county of Barnstable and State of Massachusetts, or their successors forever, by what name soever such municipal authorities may at any time be known," to appropriate the income for the relief of persons of such parish in reduced circumstances, which trust, under the laws of Massachusetts, is valid so far as its purpose and beneficiaries are concerned, does not fail for want of competent trustees, notwithstanding that by the law of Massachusetts the town or its municipal authorities as such would not be competent trustees, since there is no appointment of the officers in their official capacity to the position of trustees, nor any gift to the town, but the trustees appointed are private citizens and are to act as such.

*Matter of Sturgis*, 48 App. Div. 624, reversed.

(Argued October 1, 1900; decided November 20, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made February 11, 1900, affirming a decree of the New York County Surrogate's Court construing the will of Catharine Sturgis, deceased, and judicially settling the account of Thomas Sturgis as surviving trustee thereunder.

The facts, so far as material, are stated in the opinion.

*Edwin Countryman* and *Everett Masten* for appellants. The testatrix, by the 8th article of her will, appointed individual trustees, not by name, but by an adequate description, and did not intend to appoint either a municipal corporation or any officers thereof in their official characters, or the officers of a supposed municipality that did not exist. (*Wells* v. *Heath*, 10 Gray, 17; *Webb* v. *Neal*, 5 Allen, 575; *Dunbar* v. *Soule*, 129 Mass. 284; *Inglis* v. *S. S. Harbor*, 3 Pet. 99; *Kurzman* v. *Lowry*, 23 Misc. Rep. 380.) The testatrix having made her bequest to individual trustees, about whose competency no question can be raised, the bequest must be sustained and the deposit surrendered to these appellants, who are the trustees described. (*Dammert* v. *Osborn*, 140 N. Y. 30; *Hollis* v. *D. T. Sem.*, 95 N. Y. 166; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Manice* v. *Manice*, 43 N. Y. 303; *Gilman* v. *McArdle*, 99 N. Y. 451; *Going* v. *Emery*, 16 Pick. 107; *Jackson* v. *Phillips*, 14 Allen, 539; *Saltonstall* v. *Sanders*, 11 Allen, 446; *Sears* v. *Chapman*, 158 Mass. 400; *Ostrom* v. *Greene*, 161 N. Y. 353.)

*James McKeen* for respondents. The forms and requisites necessary to constitute a valid testamentary instrument under our law have not been complied with. (*Hope* v. *Brewer*, 136 N. Y. 126; *Holland* v. *Alcock*, 108 N. Y. 337; *Bascom* v. *Albertson*, 34 N. Y. 587; *Williams* v. *Williams*, 8 N. Y. 525; *Owens* v. *M. Society*, 14 N. Y. 380.)

BARTLETT, J. This appeal involves the validity of the eighth clause of the will of Catharine Sturgis, deceased.

By the seventh clause of her will she gave to her sister, Esther Frances Sturgis, the income on the sum of six thousand dollars during the term of her natural life.

By the eighth clause she gave and bequeathed " to the Select Men, or other municipal authorities of the East Parish of my native town Barnstable, in the county of Barnstable and State of Massachusetts, or their successors forever by what name soever such municipal authorities may at any time be known, the said sum of six thousand dollars after the death of my said sister, Esther Frances, in trust nevertheless that the said Select Men, or other municipal authorities, shall keep the same on deposit with the said Massachusetts Hospital Insurance Company, and shall appropriate the annual interest, income or profits thereof in sums of not less than ten or more than fifty dollars to any one person in any one year, in the discretion of said Select Men or other municipal authorities, so as to do the most possible good for the relief and benefit of respectable persons in reduced circumstances of either sex in the said East Parish of the said town of Barnstable, but not including any person or persons wholly dependent upon the said town or parish for their support; and such appropriation and distribution to be so made to such respectable poor persons without distinction of age, relation or color, but to be only made to such persons as are native-born citizens of the United States or the descendants of such native-born citizens."

The testatrix died in 1881 and her sister, Esther Frances, received the income of this fund until her death in 1896.

The Surrogate's Court found as a fact " that by the law of Massachusetts the trust so attempted to be created would there be a valid trust, and the court there would have the power to appoint a trustee on its appearing that the testatrix had failed to designate such a trustee competent to act."

It further found " that there was in the will of said testatrix no trustee designated competent to take and administer the trust attempted to be created by the eighth paragraph of her will."

As a conclusion of law the court found that the bequest in

the eighth paragraph of said will is void, and that the property thereby attempted to be disposed of passed to the residuary legatee.

The Appellate Division affirmed with a divided court on the opinion of the surrogate.

We thus have the single question presented whether this testatrix succeeded in naming trustees competent to carry out the provisions of a trust concededly valid under the laws of Massachusetts.

It is further found by the Surrogate's Court that the town of Barnstable was incorporated in 1639; that in 1717 the town was divided into two parishes, to wit, the east and west parishes; that distinct municipal officers have never been chosen for either parish; that the selectmen, who were also assessors and overseers of the poor, are chosen for the whole town, and as such, exercise the duties of said offices throughout the several villages making up the town; that the parish lines are recognized by the assessors in the assessment of taxes; that by the law of Massachusetts towns were not entitled to take by bequest money in trust, the income to be applied for the benefit of a portion of the inhabitants of a territorial subdivision of the town for the purposes and limitations set forth in the will of said testatrix.

It seems to us that there is no difficulty in dealing with the phraseology of the eighth clause of the will which describes the selectmen or other municipal authorities as of the east parish of the town of Barnstable. The fact that the town is divided into two parishes and the selectmen and municipal authorities are chosen for the entire town of Barnstable, but discharge their duties in both parishes, is sufficient to satisfy the language of the will.

As we read this will, the act of the testatrix in selecting trustees was most natural and effectual under the circumstances. The testatrix found herself in this situation: the fund she proposed to have invested, devoting the income to charity, was first to be enjoyed by her sister for life.

This life estate might cover a very considerable period of

time, which proved to be the case, and the trust for charitable uses was to remain in force indefinitely, as was permitted by the law of Massachusetts.

In this emergency what was more natural than for the testatrix to appoint individual trustees ; but, by official description, that was quite definite. In this manner she selected trustees and a line of successors apparently unbroken for an indefinite period, corresponding with the duration of the trust.

There was no appointment of these officers in their official capacity to the position of trustees, nor was the bequest in any legal sense a gift to the town of Barnstable.

The trustees appointed are private citizens and are to act as such, but by reason of their official position are likely to have a knowledge of local affairs that will aid them in the discharge of their duties.

In this state, where the suspension of the power to alienate real estate and the absolute ownership of personal property is measured by lives in being, testators are not often called upon to act under the circumstances presented in the case before us. A very instructive case in the Supreme Court of the United States bearing on the right of a testator to select individual trustees by their official titles originated in this state (*Inglis* v. *The Trustees of the Sailors' Snug Harbor*, 3. Peters, 99).

In this case, in 1830, certain provisions of the will of Robert Richard Randall were under review. He gave and devised the residue of his estate, which consisted of a large amount of real and personal property, to the chancellor of the state of New York, the mayor and recorder of the city of New York (and several other persons by their official descriptions only) and their successors forever, in trust, to erect and build on the lands devised, out of the rents and profits, an asylum or marine hospital, to be called " The Sailors' Snug Harbour," for the purpose of supporting aged, decrepid and worn-out sailors, etc.

The will further provided that if his intention, as above expressed, could not legally be carried out without an act of

62

the legislature, he directed his trustees to secure it and to incorporate under it for the purposes he had specified.

A few years after testator's death this legislation was secured, and the corporation of "The trustees of the Sailors' Snug Harbour in the City of New York" has ever since been managed by a board of trustees acting individually, although described by their official titles only, consisting of the mayor, the recorder, the rector of Trinity Church, the president of the Chamber of Commerce, and one or two others.

Mr. Justice THOMPSON said, in the course of his opinion: "In the case now before the court there is no uncertainty with respect to the individuals who were to execute the trust. The designation of the trustees, by their official character, is equivalent to naming them by their proper names. Each office referred to was filled by a single individual, and the naming of them by their official distinction was a mere *designatio personæ*. They are appointed executors by the same description, and no objection could lie to their qualifying and acting as such. The trust was not to be executed by them in their official character, but in their private and individual capacities."

The court in an elaborate opinion sustained the devise, holding it divested the heir of his legal estate, or charged it in his hands with the trust declared in the will.

We are of opinion that Catharine Sturgis, the testatrix, designated competent trustees to administer the trust created by the eighth subdivision of her will, and as that trust is valid under the laws of Massachusetts, the fund involved and its accumulations, if any, should be paid over to the said trustees.

The order of the Appellate Division and the surrogate's decree should be reversed, with costs in all the courts, and the case remitted to the Surrogate's Court with direction to modify the decree so as to direct the surviving executor to surrender the fund to the appellants, as trustees under the eighth subdivision of the will of Catharine Sturgis, deceased.

PARKER, Ch. J., O'BRIEN, MARTIN, VANN and LANDON, JJ., concur; HAIGHT, J., not voting.

Order reversed, etc.