(33 Misc. Rep. 539.)

UNITED STATES TRUST CO. v. MARESI et al.

(Supreme Court, Special Term, New York County. January, 1901.)

1. WILL—VOID PROVISIONS—INCONSISTENCY.
    Where a will drawn by an unskilled person contains a void provision · that is inconsistent with the testator's evident intention as shown by the remainder of the instrument, such provision will not destroy the force of the provisions conflicting with it, nor render the whole will invalid, but will be separated from the remaining portion, which will be held valid.

2. SAME—TRUST ESTATE—PRESUMPTIONS.
    Where a will authorizes payment of certain annuities by the executors, which would be impossible unless they had a trust estate in the property, it will be presumed that the testator intended to give them such estate.

3. SAME—RESIDUARY ESTATE.
    Where a will gives the executors a trust estate in the property during the life of the testator's widow, but makes no provision for its further disposition, the heirs of the testator take a vested interest in the reversion.

Action to construe a will by the United States Trust Company against Giovanna P. Maresi and others.

Edward W. Sheldon, for plaintiff.
Frederick J. Middlebrook and Ullo & Reubsamen, for defendants.

RUSSELL, J. It is important to bear in mind in this action to construe the will of Pompeo Maresi, deceased, that the instrument was evidently drawn by an unskilled hand,—perhaps that of the

testator himself,—with the purpose of effectually stating the wishes of the testator, and yet conforming to legal phraseology possibly deduced from other testamentary instruments inspected by the draftsman. In the formation of the legal conclusions upon the questions arising for which the plaintiff executor and trustee desires a controlling instruction, it is not necessary to review all of the provisions of this lengthy instrument. The testator, who came to this country from Italy over a quarter of a century ago, found here a profitable business as a caterer, and acquired a fortune of perhaps half a million. He left surviving him a widow and four children, none of whom were married, and whose ages ranged from 9 to 27. His main purpose, evidently, was to suitably provide for that widow and those children, giving the widow a proper maintenance, without leaving her any property to dispose of at her death, as her natural heirs were his children as well as hers, and also to give a sufficient income, in a proper and guarded way, to each of his children, and the ultimate benefit of his property to those children and their heirs. Subordinate to this main purpose he made some charitable benefactions and minor legacies. There are provisions in the will which, if strictly construed as independent clauses, offend against the policy of the law of the state of New York. The principal one reads as follows:

"Eighteenth. If, at the end of forty (40) years from the date hereof (or, if my wife shall be living at the expiration of this fixed period it shall be postponed until one year after her decease) this estate shall be equally divided between my then surviving children or their lawful heirs."

I regard this clause as unessential in construing the main intent of the testator, and as ineffective to destroy the force of the beneficent provisions of the will as though never written. He could not suspend the power of alienation for a period of 40 years, and there is no reason to believe that he so wished, to the detriment of any estate or interest conferred by the will. He may, very likely, have intended to say that, at all events, the estate should be divided by the expiration of 40 years, or within 1 year after the decease of his wife, if she lived for that period; and the incomplete grammatical construction of the paragraph rather supports this conclusion. Otherwise, the separation can be easily made of this provision from the remainder of the will, the remaining portion adjudged to be valid, and the trust interest of the plaintiff held to be good for the period that such trust needs an existence to accomplish the wishes of the testator. Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585.

The provision in the fourth paragraph as to the residence on Columbia Heights, in Brooklyn, that "after the marriage or death of all of my children the building is to revert to the estate, and the hereinafter mentioned furniture, bric-a-brac, etc., to go to my son Pompeo Maresi, and in case of his death to his male heirs, and, if he should have no male heirs, then and in that event it is to be divided between my surviving children," is invalid, but was evidently designed to provide a residence for the children who should be unmarried, in case their mother married again, in which event she was not to continue to occupy the Brooklyn residence, and other

provision was made for her. The same considerations also apply to the provision in paragraph 17 for the occupancy of the Brooklyn residence by the oldest surviving child in case of the remarriage of the mother. The executors were given a trust estate in the property, for the purposes named in the will, during the lifetime of the widow, Giovanna. It would be otherwise impossible for them to pay the annuities provided for by the will during her life, and discharge the other duties conferred as to the real and personal estate. The implication is therefore effective that the testator intended they should take title. Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971; Morse v. Morse, 85 N. Y. 53. The will failed to effectually provide for the disposition of the residuary estate after the purposes of the trust were accomplished, and the four children, therefore, are seised of a vested interest in equal shares of the reversion upon the death of the widow, subject to the annuities to the defendants Adelaide Borlinghi and Francesco Maresi, given by the ninth and tenth paragraphs of the will.

I am satisfied, from the Italian Code, and the testimony of Dr. Tosti, that the villa at Lake Como, Italy, passes under the will to the trustees, and is subject to the power of sale conferred upon the executors by the sixteenth paragraph of the will, even were such power of sale necessary to be conferred upon trustees, with the title, and that the residence on Columbia Heights, Brooklyn, was also included in the devise of the residuary estate to the executors, trustees, subject, however, to the provisions as to occupation by the widow.

The legacy of $1,000 to the village of Gisazio, Italy, is effective; and the income will be expended, in accordance with the terms of the will, under the direction of the president of the commissioners of charity, at Gisazio, Italy. In re Sturgis, 164 N. Y. 485, 58 N. E. 646.

The foregoing covers all of the questions as to which the parties seek a construction of the will of this testator. Judgment is directed, therefore, in accordance with the views herein expressed. Judgment accordingly.