(40 Misc. Rep. 271.)

### MENDEL et al. v. LEVIS et al.

(Supreme Court, Special Term, New York County. March, 1903.)

1. WILLS—CONSTRUCTION—RIGHTS OF LEGATEES.

    Testatrix gave her residuary estate, consisting of realty and personal property, to her 13 nephews and nieces in equal shares, payable at the age of 25 years, and directed the share of each to be invested in the meantime by the executors in first-class securities; the income to be paid, until each was 25 years old, to testatrix's sisters. *Held*, in an action brought after two of the nephews had reached the age of 25 years to construe the will, that the two legatees were entitled to immediate payment.

2. SAME—POWER OF SALE—CONVERSION.

    Where a will gave property to executors to invest, and to pay the same over to the nieces and nephews of testatrix when they reached the age of 25 years, there was a power of sale given the executors, and a consequent equitable conversion of realty into personalty.

3. SAME—SUSPENSION OF ALIENATION.

    Where testator bequeathed real and personal property to her nephews and nieces, to be held by the executors in trust until each of them became 25 years of age, with a further provision that, if any of the legatees died before reaching such age, his or her share should be distributed among the survivors arriving at such age, the further provision was void, as suspending the power of alienation for a definite period of time, and for more than two lives in being at the death of testatrix.

4. SAME—INVALID PROVISIONS.

    Where the primary purpose of a will is valid, an invalid provision therein will not render the entire will void.

Action by Samuel Philip Mendel and others, executors of Jennie Schulhoff, against Arthur Levis and others, to construe a will. Judgment rendered.

Edgar A. Levy, for plaintiffs.

Wolf, Kohn & Ullman (Joseph Ullman, of counsel), for guardian ad litem and defendants Leonard Levis and others.

Morris Cooper, for defendant Selma Levy.

CLARKE, J. Action by executors, etc., to construe a last will and testament. Jennie Schulhoff, testatrix, died on the 27th of October, 1899, leaving a will and codicil, which were duly admitted

to probate. After providing for a number of specific bequests, the will proceeded as follows:

"Thirteenth. I give and bequeath all the rest and residue of my property to the following named nephews and nieces, to be distributed in equal shares, to wit: Arthur Levis, Irving Levis, Charles Levis, Regina Levis, Leonard Levis, the children of Mrs. Carrie Levis; Ella Oppenheim, James Oppenheim, Ramsay Oppenheim, Robert Oppenheim, Helen Oppenheim, Doretta Oppenheim, the children of Mrs. Mathilda Oppenheim; Selma Levy, Austin Levy, the children of my sister, formerly known as Johanna Levy. This property, so devised, shall be held by my executrix and executors, invested in first-class securities, and the share of each of said children shall be paid only to him or her on reaching the age of twenty-five years, and in case any of said legatees die before reaching the age of twenty-five years then his or her share shall be distributed amongst the survivors on arriving at said age. The income of the property so devised from the time of my death up to the date of distribution shall be paid by my executors to Mrs. Carrie Levis and to Mrs. Mathilda Oppenheim in equal proportions, it being understood that only the share of the principal shall be paid to the said legatees on arriving at the age specified, in which case the income on such amount so paid over shall cease to be paid to Mrs. Carrie Levis and Mrs. Mathilda Oppenheim.

"Fourteenth. In case of the death of either of said nephews and nieces above mentioned, entitled to share in the distribution of the rest and residue of my property before reaching the age of twenty-five years, leaving issue, then the share to which he or she would be entitled had he or she been living shall in such a case be paid over to such issue in equal proportions, or to the guardian of such children."

The residuary estate consists of both real and personal property. All the said legatees are alive. Two of them, having arrived at the age of 25 years, have demanded of the executors the payment of their legacies; and the executors, being in doubt as to the legality and proper construction of said provisions of the will, have brought this action.

Though inartificially drawn, the scheme of the will is clear. The executors were created trustees, in whom were vested 13 separate and clearly expressed trusts. "The executors were given a trust estate in the property, for the purposes named in the will. * * * It would be otherwise impossible for them to pay the annuities provided for by the will, * * * and discharge the other duties conferred as to the real and personal estate. The implication is therefore effective that the testator intended they should take title." United States Trust Co. v. Maresi, 33 Misc. Rep. 539, 68 N. Y. Supp. 918, citing Morse v. Morse, 85 N. Y. 53. The language and general scheme of this will raise an implied and imperative power of sale in order to carry out its provisions. This being so, there was an equitable conversion of the real estate into personalty. The general principle is clearly established by the authorities that the power of sale need not be express, but may be implied when it is evident from an examination of the entire will that otherwise the testamentary scheme would be defeated. Salisbury v. Slade, 160 N. Y. 278, 54 N. E. 741. Thus was vested in the executors, in that, the legal estate of all testator's residuary property, and it must continue to reside in them until the purposes of the trust, if legal, shall be accomplished. Underwood v. Curtis, 127 N. Y. 537, 28 N. E. 585. The executors were vested with the residuary estate, carved into 13 separate trusts,

each of which was to continue until the specific legatee should arrive at the age of 25, when he or she would receive his legacy; the income of all the trust estates in the meanwhile being paid, share and share alike, to the two sisters of testatrix. These provisions are clear and valid. But that portion of paragraph 13 which provides "in case any of said legatees die before reaching the age of twenty-five years, then his or her share shall be distributed amongst the survivors on arriving at said age," is void, as it creates an unlawful suspension of the power of alienation, first, for an absolute period of time; and, second, for more than two lives in being at the time of the death of the testatrix. But said provision is not so connected with the primary intention of this will that its invalidity will affect said valid portions. The intention was to give the income to testatrix's sisters until each of the children arrived at the age of 25. Then said child was to receive its share. If it died before reaching that age, leaving issue, that issue immediately took its parent's share. So much is valid. The provision for the distribution of any child's share, dying without issue before reaching 25, is invalid; but the invalid disposition would only have gone to swell the share already carried out and provided for—the primary object of the will. That is not to be destroyed by this subsequent clause providing for a contingency which may never happen. It may be cut out without at all affecting the valid provisions. It would seem as if, under that contingency, the share of the legatee dying without issue before 25 is undisposed of by the will; but, as that is a mere academic question at the present time, it is unnecessary to decide it. The executors are warranted, and it is their duty, to pay to the two legatees who have arrived at the prescribed age their legacies.

Settle decision and award judgment upon notice. Costs are awarded to all parties who have appeared and answered, payable out of the estate.

Judgment accordingly.