EDWIN A. CADY *et al., Trs. vs.* JOHN H. NOLAN, *Atty. Gen.*

MAY 16, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a bill in equity by the trustees under the fourth clause of the second codicil of the will of Joseph W. Martin, late of the town of Warren, Rhode Island, deceased, for the construction of certain language in said fourth clause concerning the appointment of a new trustee and for instructions relative to such appointment. The attorney general, in his capacity as the representative of the public, is the only respondent, as the trust created by said codicil admittedly is a charitable trust with no limitation over. When the cause was ready for hearing for final decree in the superior court, it was certified to this court for determination in accordance with general laws 1938, chapter 545, §7.

Hereinafter the word "codicil" will mean the second codicil to the will of the testator. This codicil is dated May 2, 1930. So far as material, the fourth clause of the codicil, with the portions thereof to be construed italicized by us, is as follows:

"Fourth: I give, devise and bequeath to Charles W. Cutler and Charles H. Sparks, both of the Town of Warren, Rhode Island, and *to the person who for the time being and from time to time shall be the manager of the Warren Branch of Industrial Trust Company,* as joint tenants in trust, my residence property located on

the easterly side of Main Street, in the Town of Warren, and the sum of Two Hundred Fifty Thousand ($250,000) Dollars, to be paid to my Trustees in cash or in securities equal to said value, To Have And To Hold the same in Special Trust upon the following terms and conditions:

"I direct my trustees to cause to be established, and maintained upon the real estate given to them, a charitable institution to be known as The Joseph W. Martin Memorial Home, to be devoted to the furnishing of nursing, medical and hospital service and care, or of some one or more of said kinds of service and care and/or similar service or care, to poor people, or to people who are either wholly or partially unable to pay for such service, giving preference so far as compatible with the conduct of a charitable trust, to applicants for such service or care, to residents of the Town of Warren, and providing quarters therein, in the discretion of my trustees, for the housing and maintenance of the local District Nursing Association and of its activities, and of its nurses. Said institution may be established and carried on by my trustees directly or through a corporation or other agency to be created and organized by them, of which my trustees shall always have the control and direction.

"I give to my trustees full power and authority to continue the investment of my trust estate in the same form of investment that it may come to their hands, at the sole risk of my estate, and the same to change at will, and to invest, reinvest and change the investment of the trust estate; to sell, lease, mortgage, exchange and otherwise deal with the whole or any part thereof as they may deem best; any one or more of said trustees to act as attorney for the other or others, and any or all of them to act by any attorney duly appointed in writing.

"In case of vacancy in the board of three trustees, from resignation, death or any other cause, I authorize the remaining trustees to appoint *in writing,* a new co-trustee, or in default of such appointment, such new co-trustee may be appointed by any court of competent jurisdiction, *provided that all of the trustees shall be residents of the Town of Warren, and shall always in-*

*clude, when there shall be a person answering the description, the manager of the Warren Branch of Industrial Trust Company.* The trustees for the time being, however appointed, and the surviving or remaining trustees for the time being until new appointment, shall be empowered to exercise all of the rights, powers, privileges and discretions appertaining to the original trustees."

It appears in evidence that the only surviving original trustee, Edwin A. Cady, a resident of the town of Warren, was the manager of the Warren branch of the Industrial Trust Company, hereinafter called the bank, until his retirement from that office on May 31, 1945, when Ralph W. Childs, a resident of the adjoining town of Barrington, succeeded him in that office. Notwithstanding his retirement, Cady has continued to act as cotrustee with Oliver L. Mason and John B. Batchelor, both of Warren, so that at the present time all three trustees are residents of that town.

The controlling questions asked of us by the trustees in this bill are as follows: First, was a vacancy automatically created in the office of cotrustee by the retirement of Edwin A. Cady as manager of the bank? Second, was such vacancy automatically filled by the appointment of Ralph W. Childs as manager of the bank, even though he was not a resident of Warren? Third, if such vacancy was not automatically filled by the appointment of Childs as manager of the bank, must the remaining two trustees, Oliver L. Mason and John B. Batchelor, appoint Ralph W. Childs, as the new cotrustee because he is manager of the bank, notwithstanding that he is not a resident of Warren? Fourth, if Ralph W. Childs is disqualified from being so appointed, have the two remaining trustees the power to appoint as the new cotrustee any person who is a resident of the town of Warren, including Edwin A. Cady?

It is well established by numerous decisions of this court that the primary rule in the construction of wills is that the intention of the testator, if definitely ascertainable and lawful, must govern and that such intention must be ascertained,

if possible, from a consideration of the whole will. *Industrial Trust Co.* v. *Saunders,* 71 R. I. 94. It is also well established that where a testator has two objects in view, one primary and the other secondary, the primary object will control when both cannot be exactly carried out. In other words, where a testator expresses two intentions and both cannot reasonably be given legal effect the dominant intent will control, while effectuating the subordinate intent so far as possible. *City of Newport* v. *Sisson,* 51 R. I. 481; *Brice* v. *All Saints Memorial Chapel,* 31 R. I. 183, 201. These are the only rules that we need apply in the instant cause.

The clearly charitable trust created by the testator is for the benefit of the poor generally, giving preference so far as compatible with the conduct of a charitable trust "to residents of the Town of Warren". While the testator intended primarily to benefit deserving residents of his home town, he certainly did not intend that his benefactions should be restricted solely to such residents.

In addition to the real estate, the property in trust apparently consisted mainly of securities of the value of $250,000. A careful investor, such as the testator appears to have been, knows that the value of securities is subject to change from time to time and that loss may result either from an original or a substituted investment. To protect the trust estate against such contingency and also to give the trustees freedom of action in the matter of investments without incurring personal liability, the testator gave them "full power and authority to continue the investment of my trust estate in the same form of investment that it may come to their hands, *at the sole risk of my estate,* and the same to change *at will,* and to invest, reinvest and change the investment of the trust estate". (italics ours)

We further note that the testator appointed Edwin A. Cady and the Industrial Trust Company, of which institution the bank was a branch, as coexecutors of his will with the proviso that if Cady died or became incapable of acting, then the Industrial Trust Company was to become the sole

executor of the will. In this instance he used Cady's name, while in appointing him as a cotrustee he designated him by official description that was quite definite. This difference is not without significance. It is evident that he had great confidence in the Industrial Trust Company and intended that it should first participate, actively and with authority, in carrying out all the provisions of his will, which included as its most important function the setting up of the trust estate; and then, through its Warren branch, to participate in the same manner in administering the trust estate, in the reasonable expectation that expert knowledge of prevailing conditions in the matter of investments would more adequately protect the corpus of that estate.

When the testator executed his will, Edwin A. Cady was the manager of the bank and had been with it since it was instituted. How or when the testator first became acquainted with him does not appear from the testimony in this cause, but it is certain that he knew him as an employee of the bank for some years before the execution of the will. When Cady retired, on May 31, 1945, as manager under a compulsory retirement rule of the bank, he was seventy-seven years old.

In considering this case we have in mind that in certain instances, as appears in the following cases, the designation of a trustee by his official character was equivalent to naming him by his proper name. *Inglis* v. *Trustees of Sailor's Snug Harbor,* 3 Peters (U. S.) 99; *Delaplaine* v. *Lewis,* 19 Wis. 500; *Dunbar* v. *Soule,* 129 Mass. 284; *Beardsley* v. *Selectmen of Bridgeport,* 53 Conn. 489; *Matter of Sturgis,* 164 N. Y. 485. However, a mere reading of these cases will show that they are inapplicable to the instant case because of dissimilarity of facts and circumstances.

In paragraph fourth of the codicil now under discussion the testator expressed two intentions: First, that one of the cotrustees should be *"the person who for the time being and from time to time* shall be the manager of the Warren branch of the Industrial Trust Company"; and, secondly, that "all of the trustees shall be residents of the Town of Warren".

(italics ours)  We call attention to the fact that the first intention is expressed without restriction or qualification, while the second intention is subject to the immediate proviso that the trustees "shall *always include,* when there shall be a person answering the description, the manager of the Warren Branch of Industrial Trust Company." (italics ours)  Furthermore, the testator expresses the first and unqualified intention twice in said paragraph fourth and he mentions the second and qualified intention but once in that paragraph.

Upon full consideration of the entire will and of paragraph fourth of the codicil in particular, we are clearly of the opinion that the testator's dominant intent was that one of his trustees should always include the manager of the Warren branch of the Industrial Trust Company, so long as there was a person answering the description; that his intention that such manager should be a resident of the town of Warren was secondary; and that, in the event of a conflict between his dominant and secondary intentions, the dominant intent should control, namely, that the manager of the bank for the time being and from time to time was to be a cotrustee in the administration of the trust estate.  This conclusion is strengthened, if there were need, by the fact that although the testator intended to benefit primarily the residents of the town of Warren he did not intend to confine his benefactions solely to such residents.  Furthermore, the interests of those residents were amply protected by him as at least two of the three trustees always would be residents of the town of Warren.

The controlling questions submitted to us for determination have been fully set forth earlier in this opinion and need not be repeated here.  We answer those questions in the order there stated as follows:  First, a vacancy was automatically created in the office of cotrustee by the retirement of Edwin A. Cady as manager of the bank.  Second, the vacancy thus created was not automatically filled by Ralph W. Childs when he was appointed manager of the bank.  Third, the two remaining cotrustees, Oliver L. Mason and John B. Batch-

elor, must appoint "in writing", as provided in the codicil, Ralph W. Childs as the new cotrustee because he is now manager of the bank, notwithstanding that he is not a resident of the town of Warren. Fourth, so far as appears in the record before us, Ralph W. Childs is not disqualified to act as cotrustee under the will and codicil as interpreted by us. In the circumstances, this question requires no further answer.

On June 2, 1947, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Haslam, Arnold & Sumpter, Erving T. Arnold,* for complainants.

*John H. Nolan,* Attorney General, *Archie Smith,* Asst. Atty, G., for respondent.